UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                            PLAINTIFF

v.                **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                  DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on two discovery-related motions filed by Defendant Megan Coffman: Motion for Disclosure of Informants (DE 109) and Motion to Compel Discovery (DE 111). These motions have been fully briefed and are ripe for a decision.

Defendant Megan Coffman moves this Court to enter an order requiring the Government to disclose the identity of any informant used in this case. (DE 109). In light of the fact that the Government did not utilize informants in this matter (DE 130), Defendant's motion will be denied as moot.

Defendant Megan Coffman further moves this Court to enter an order compelling the Government to provide her with all subpoenas issued by the Government in its case against her. (DE 111). Without citing any legal authority, the Defendant seems to put forth two arguments in support of her motion. First, the Defendant argues that the Government subpoenaed her financial records "well before there was *any* suspicion *she* may have been involved in any wrong doing."

(DE 111). Second, the Defendant argues that she was not provided notice of the subpoenas being issued and thus was denied an opportunity to quash them. (DE 111). The Court considers each of these arguments in turn and finds that neither is compelling.

First, there is generally no requirement that a federal grand jury make a preliminary showing prior to issuing a subpoena for records. *See In re Grand Jury Subpoena Battle*, 748 F.2d 327, 330 (6th Cir. 1984) (citing *United States v. Dionisio*, 410 U.S. 1, 15-16 (1973)). As the United States Supreme Court has recognized, "[a] grand jury has broad investigative powers to determine whether a crime has been committed and who has committed it." *U.S. v. Dionisio*, 410 U.S. 1, 15 (1973) (citing *Branzburg v. Hayes*, 408 U.S. 665, 701 (1972)). Accordingly, the Supreme Court has refused to "saddle a grand jury with minitrials and preliminary showings [which] would assuredly impede its investigation and frustrate the public's interest in the fair and expeditious administration of the criminal laws." *Dionisio*, 410 U.S. at 17. Similarly, the Supreme Court has said that an administrative agency with subpoena power, like a grand jury, can "investigate merely on suspicion that the law is being violated, *or even just because it wants assurance that it is not.*" *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950) (emphasis added).

Applied to the facts of this case, the Government did not have to make a preliminary showing that Megan Coffman was under direct suspicion of criminal activity before it issued the subpoenas in question. More importantly, whether the Defendant was under such suspicion is irrelevant to her claim that she is entitled to discovery of those subpoenas. In sum, the Defendant's claim that her financial records were subpoenaed before there was any suspicion she was involved in wrongdoing lends no support to her discovery request.

Second, the Defendant argues that she was not provided notice of the subpoenas being issued and thus was denied an opportunity to quash them. (DE 111). However, the Defendant fails to cite any legal authority suggesting that she was entitled to such notice. (DE 111). In fact, as the Government correctly points out, under 18 U.S.C. § 1510(b)(2), the banks that were issued subpoenas in this case were prohibited from disclosing to the Defendant information regarding those subpoenas. (DE 125). More significantly, the Defendant does not say how her failure to obtain notice of the subpoenas now entitles her to discovery of those subpoenas.

In conclusion, neither of the Defendant's arguments provide the Court with a basis for ordering the Government to disclose the subpoenas issued in this case. Having cited no law that even suggests the Defendant is entitled to this discovery, the Court agrees with the Government that, in general, matters before the grand jury are to remain secret pursuant to Federal Rule of Criminal Procedure 6(e). Therefore, the Defendant's Motion to Compel Discovery (DE 111) will be denied.

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Defendant Megan Coffman's Motion for Disclsoure of Informants (DE 109) is **DENIED AS MOOT**; and

(2) Defendant Megan Coffman's Motion to Compel Discovery (DE 111) is **DENIED**.

So ordered this 28th day of September, 2010.



**Signed By:**
*Karen K. Caldwell*
**United States District Judge**