UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                     **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY,                                        DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Megan Coffman's Motion for a Speedy Trial (DE 116). This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will deny the Defendant's motion.

**I.    BACKGROUND**

Defendant Megan Coffman was charged in a multi-count indictment filed on December 4, 2009. (DE 1). The Defendant was arraigned on December 16, 2009, and at that arraignment, a trial date was set for February 23, 2010. (DE 16). The Defendant concedes that discovery was not completed prior to the scheduled beginning of this trial date. (DE 116). On February 5, 2010, Defendant Gary Milby moved the Court to continue the trial date. (DE 34). On February 12, 2010, the Court granted Defendant Gary Milby's motion, granted the oral motion of the defendants to declare this case complex, and continued the jury trial as to all defendants to September 28, 2010. (DE 36). In making these rulings, the Court found that this is a complex

case due to the nature of the prosecution, the number of defendants involved, and the amount of discovery involved and, citing several provisions of the Speedy Trial Act found at 18 U.S.C. § 3161, ruled that the time between February 23, 2010 and September 28, 2010 was to be excluded in computing the speedy trial time. (DE 36).

On April 26, 2010, Defendant Megan Coffman was charged in a multi-count superseding indictment. (DE 44). The Defendant was arraigned on May 24, 2010. (DE 71). At a July 20, 2010 status conference, the Court set aside the jury trial scheduled for September 28, 2010, and ordered that a jury trial be scheduled for early 2011. (DE 97). Pursuant to the Speedy Trial Act, the Court found "that the ends of justice served by continuance of the date of trial outweigh the best interests of the public and the defendants in a speedy trial."[1] (DE 97). Accordingly, the Court found that any period of delay resulting from its continuance was excluded under the Speedy Trial Act. (DE 97). On August 10, 2010, the Court set a trial date of February 28, 2011 and reiterated its findings pursuant to the Speedy Trial Act. (DE 104).

Now Defendant Megan Coffman moves this Court for an immediate trial date, pursuant to the Speedy Trial Act, as well as the Fifth and Sixth Amendments to the United States Constitution. (DE 116). The Court finds that neither the Speedy Trial Act nor the federal Constitution provide the Defendant with a basis for a more immediate trial date.

## II. THE SPEEDY TRIAL ACT

According to the Speedy Trial Act, a defendant who pleads not guilty must be brought to trial within seventy days from the date of the indictment or arraignment, whichever is later. 18

---

[1] In making this finding, the Court acknowledges that the Minute Order at DE 97 incorrectly cites 18 U.S.C. § 3161(h)(1)(A) for this proposition. This was a clerical error. The proper subsection to be cited is 18 U.S.C. § 3161(h)(7)(A).

U.S.C. § 3161(c). However, the Speedy Trial Act excludes from the computation of the speedy trial period certain enumerated pretrial delays. 18 U.S.C. § 3161(h)(1)-(8).

In this case, the Court reiterates its previous finding that, pursuant to 18 U.S.C. § 3161(h)(7)(A), the ends of justice served by continuance of the trial date outweigh the best interests of the public and the defendants in a speedy trial. (DE 104). Specifically, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), that this case is complex due to the nature of the prosecution, the number of defendants involved, and the amount of discovery involved, and that it is unreasonable to expect adequate preparation for pretrial proceedings or for trial itself within the time limits established by the Speedy Trial Act. (DE 36).

With a thirty-four count superseding indictment, thirteen counts pertaining to Defendant Megan Coffman on the complex issue of money laundering under a number of provisions of 18 U.S.C. § 1956, four defendants, and the Government's estimation that there are tens of thousands of pages of discovery in this case (DE 94), the Court rejects the Defendant's assertion that she was prepared to try her case within four weeks of filing her Motion for a Speedy Trial on August 10, 2010 (DE 116). The Court notes for the record that the Defendant also filed ten other pretrial motions on the same day as her Motion for a Speedy Trial, including several discovery-related motions (DE 107, 109, 110, 111, 112), two motions to sever (DE 105, 113), two motions to dismiss (DE 114, 115), and a motion for an additional pretrial hearing (DE 108). The Court further notes that these eleven motions were not submitted to the Court until September 20, 2010, nearly two weeks after the Defendant claims she was prepared to try her case and just eight days prior to her previous September 28, 2010 trial date. Accordingly, in light of the procedural posture of this case, the Court finds, pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), that the failure to

grant a continuance in this case would have denied counsel for the Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

In sum, the Court finds that the ends of justice served by continuance of the trial date outweigh the best interests of the public and the defendants in a speedy trial. Specifically, the case is so complex, in view of the nature of the prosecution, the number of defendants involved, and the amount of discovery involved, that adequate preparation for pretrial proceedings and for trial cannot reasonably be done within the Speedy Trial Act's ordinary time limits. Furthermore, the reasonable time necessary for effective preparation by defense counsel independently justified the continuance. Therefore, the Court finds that the Defendant's request for an immediate trial date is not supported by the Speedy Trial Act.

## III. THE CONSTITUTIONAL RIGHT TO A SPEEDY TRIAL

The Court next considers whether the continuance of the trial date violates the Defendant's right to a speedy trial under the federal Constitution–specifically, her Sixth Amendment right to a speedy trial and Fifth Amendment right to procedural due process, which the Court construes as echoing her Sixth Amendment claim.[2]

The Court begins by acknowledging that as between the Speedy Trial Act and the Sixth Amendment, "it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the Sixth Amendment right to a speedy trial has been violated." *United States v. DeJesus*, 887 F.2d 114, 116 n.1 (6th Cir. 1989) (quotations omitted). That being said, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a

---

[2] While the Court is aware that defendants can have a procedural due process claim for excessive preindictment delay, the Defendant fails to cite any case law providing her with an independent speedy trial claim based upon the Fifth Amendment.

4

speedy and public trial." U.S. CONST. amend VI. In examining the Defendant's constitutional speedy trial claim, the Court must consider the test established in *Barker v. Wingo*, 407 U.S. 514, 530-33 (1972).

In *Barker*, the United States Supreme Court set forth four factors that district courts must balance in determining whether a defendant has been denied a speedy trial in violation of the Sixth Amendment: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of her right; and (4) the prejudice to the defendant. *Id*. at 530-33. In *Doggett v. United States*, 505 U.S. 647 (1992), the Supreme Court refined this analysis, requiring district courts to balance "whether delay before trial was uncommonly long, whether the Government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether [the Defendant] suffered prejudice as the delay's result." *Doggett*, 505 U.S. at 651 (citing *Barker*, 407 U.S. at 530). As the Sixth Circuit has recognized, "[n]one of these factors alone is sufficient to establish a violation of the Sixth Amendment. Instead, . . . 'these are related factors and must be considered together with such other circumstances as may be relevant.'" *United States v. O'Dell*, 247 F.3d 655, 667 (6th Cir. 2001) (quoting *Barker*, 407 U.S. at 533). With that in mind, the Court considers each of the *Barker* factors in turn.

Under the first factor of *Barker*, the length of the delay, the Court acknowledges that by the time the Defendant's case goes to trial, more than one year will have passed since the Defendant's initial indictment and arraignment in this matter. (DE 1, 16). It is true that courts generally consider any length of time between arrest or indictment and trial that exceeds one year to be "presumptively prejudicial." *See Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992).

5

However, this length of time must be balanced against the other factors listed in *Barker*. *See id.* (recognizing that "'presumptive prejudice' . . . simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry").

Under the second factor of *Barker*, the reason for the delay, the Court notes that the delay in this case was not requested by the Government; in fact, the Government indicated at the July 20, 2010 status conference that it was prepared to go to trial. Rather, this recent continuance was granted in large measure on a co-defendant's request. More importantly, while Defendant Megan Coffman asserted at the July 20, 2010 status conference that she was prepared to go to trial on September 28, 2010, the Court again notes that the Defendant filed eleven pretrial motions which did not become ripe for the Court's consideration until mere days before that scheduled trial date. The Sixth Circuit has recognized that the resolution of pretrial motions is a presumptively justifiable reason for delay and that such delay does not trigger a violation of the Sixth Amendment right to a speedy trial. *United States v. O'Dell*, 247 F.3d 655, 668 (6th Cir. 2001) (citing *United States v. Schlei*, 122 F.3d 944, 987 (11th Cir. 1997)); *see also United States v. Jones*, 91 F.3d 5, 8 (2d Cir. 1996) (holding that "legitimate pretrial proceedings are 'neutral reasons not attributable to the government'"). Thus, the procedural outlook of this case weighed in favor of continuing the trial.

Under the third factor of *Barker*, the defendant's assertion of her right, the Defendant has asserted her right to a speedy trial. (DE 116).

Under the fourth factor of *Barker*, the prejudice to the defendant, the Supreme Court has said that prejudice "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Barker*, 407 U.S. at 532. The Supreme Court

identified three such interests: (1) preventing oppressive pretrial incarceration of the defendant; (2) minimizing the anxiety and concern that a trial delay would cause the defendant; and (3) limiting the possibility that the delay will impair the defense. *Id*. Here, the Defendant is not being incarcerated prior to trial, and the Sixth Circuit has recognized that "fewer speedy trial concerns are implicated where a defendant is not detained during the delay." *United States v. O'Dell*, 247 F.3d 655, 668 (6th Cir. 2001). Furthermore, given the number of issues waiting to be resolved through pretrial motion practice, the Court finds that the delay will likely cause the Defendant less concern than going to trial on September 28, 2010. Finally, the Defendant has not shown that her defense will be impaired by the delay; in fact, given that the Court can now rule on the Defendant's various pretrial motions–including her motions to sever (DE 105, 113), motions to dismiss (DE 114, 115), and motion for an additional pretrial hearing (DE 108), among others–her defense may be aided by the delay.

Ultimately, after balancing the four *Barker* factors, which the Defendant failed to discuss in her Motion for a Speedy Trial (DE 116), the Court finds that the continuance of this trial does not violate the Defendant's right to a speedy trial under the Sixth Amendment.

## IV.   CONCLUSION

In conclusion, the Court finds that neither the Speedy Trial Act nor the federal Constitution provide the Defendant with a basis for a more immediate trial date. Furthermore, the Court recognizes that the Defendant has outstanding motions to sever her case from that of her co-defendants (DE 105, 113). However, based on the foregoing analysis, the Court finds that even if her case is ultimately severed, an unresolved question not presently before the Court, there would still be no basis for a more immediate trial date. After all, given the complexity of

her case, the nature of the prosecution against her, and the number of her own pretrial motions recently submitted to the Court, the procedural posture of her own case certainly justified the continuance previously ordered.

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Megan Coffman's Motion for a Speedy Trial (DE 116) is **DENIED**.

So ordered this 28th day of September, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge