UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                                               DEFENDANTS

* * *   * * *   * * *   * * *

This matter is before the Court on Defendant Megan Coffman's Motion for a *James* Hearing

(DE 108), a pretrial hearing known in this Circuit as an *Enright* hearing pursuant to *United States v.*

*Enright*, 579 F.2d 980 (6th Cir. 1978).  This motion has been fully briefed and is ripe for a decision.

For the reasons set forth below, the Court will deny the Defendant's motion.

**I.     BACKGROUND**

Defendant Megan Coffman was charged in a multi-count indictment along with a number of

co-defendants.  (DE 44).  Anticipating that the government may seek to introduce statements of her

alleged co-conspirators, the Defendant has moved this Court for a pretrial hearing whereby the Court

would determine the admissibility of any alleged co-conspirator statements which the government

intends to introduce.  (DE 108).  The government responds by arguing that the Court should, instead,

conditionally admit the hearsay statements subject to a later demonstration of their admissibility by a

preponderance of the evidence.  (DE 128).

**II.     ANALYSIS**

Under the Federal Rules of Evidence, "[a] statement is not hearsay if . . . [it] is offered

against a party and is . . . a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." FED. R. EVID. 801(d)(2)(E). Before nonhearsay evidence can be admitted under this rule, the government must establish three elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the defendant against whom the hearsay is offered was a member of that conspiracy; and (3) that the hearsay statement was made in the course and in furtherance of the conspiracy. *United States v. Vinson*, 606 F.2d 149, 152 (6th Cir. 1979). This preliminary finding is made by the trial judge. FED. R. EVID. 104(a); *see also Vinson*, 606 F.2d at 152 (this determination is within "the sole province of the trial judge").

The Sixth Circuit has said that in making this preliminary determination, the trial judge has "considerable discretion in controlling the mode and order of proof at trial and his rulings should not cause reversal of a criminal conviction unless they affect substantial rights." *Id.* at 152. In fact, the Sixth Circuit has refused "to set forth hard and fast procedures" in this area. *Id.* Rather, it has established three alternative ways for trial court judges to make this preliminary determination, each of which seek to allow the government to put on its proof while also protecting criminal defendants from inadmissible hearsay evidence. *Id.* at 152; *see also United States v. Barrett*, 933 F.2d 355, 358 (6th Cir. 1991).

First, the Court could conduct a "mini-hearing" outside the presence of the jury, where the Court hears the government's proof of conspiracy and makes the preliminary finding. *See Enright*, 579 F.2d at 980; *Vinson*, 606 F.2d at 152. If the Court finds that the hearsay is admissible, then the case, including the co-conspirator hearsay, will be presented to the jury. *Vinson*, 606 F.2d at 152. While the Sixth Circuit has acknowledged that a trial judge has the discretion to order the proof in this manner, it has also recognized that "this procedure has been criticized as burdensome, time-consuming, and uneconomic." *Id.*

2

Second, the Court could require the government to establish the conspiracy by a preponderance of the evidence through independent evidence at trial, prior to making the preliminary finding concerning the hearsay's admissibility.  *Id*.  The Sixth Circuit notes that "[t]his procedure clearly avoids 'the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes.'"  *Id*. at 152-53 (quoting *United States v. Macklin*, 573 F.2d 1046, 1049 n. 3 (8th Cir. 1978)).  However, other courts have recognized the limits of this approach, saying it is "not reasonably practical" to follow when the proof involves an "intricate, interwoven web of contacts, meetings, disguises, and unusual business dealings and practices." *United States v. Pilling*, 721 F.2d 286, 295 (10th Cir. 1983).  Furthermore, this approach seems to run afoul of the United States Supreme Court's decision in *Bourjaily v. United States*, which held that "a court, in making a preliminary factual determination under Rule 801(d)(2)(E), may examine the hearsay statements sought to be admitted."  *Bourjaily v. United States*, 483 U.S. 171, 181 (1987). Thus, this second approach is not without limits.

Third, the Court could conditionally "admit the hearsay statements subject to later demonstration of their admissibility by a preponderance of the evidence."  *Vinson*, 606 F.2d at 153. In *Vinson*, the Sixth Circuit established a clear list of instructions for the trial court to follow when selecting this option:

> [T]he court should stress to counsel that the statements are admitted subject to defendant's continuing objection and that the prosecution will be required to show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the statements are hearsay was a participant and that the statement was made in the course and in furtherance thereof.  At the conclusion of the government's case-in-chief, the court should rule on the defendant's hearsay objection.  If the court finds that the government has met the burden of proof described . . ., it should overrule the objection and let all the evidence, hearsay included, go to the jury, subject, of course, to instructions regarding the government's ultimate burden of proof beyond a reasonable doubt and the weight and the credibility to be given to co-conspirators' statements.  If, on the other hand, the court finds that the government has failed to carry its burden, it

> should, on defendant's motion, declare a mistrial unless convinced that a cautionary jury
> instruction would shield the defendant from prejudice.

*Id.* Again, the Court may consider all evidence, including the hearsay statements, in ruling on the

preliminary question of admissibility. *Bourjaily*, 483 U.S. at 181; *see also Barrett*, 933 F.2d at 358;

*Vinson*, 606 F.2d at 153. The Sixth Circuit has approved of this conditional-admission-of- evidence

approach in a number of its decisions and has recognized it as "firmly entrenched in this circuit's

practice." *United States v. Holloway*, 740 F.2d 1373, 1375 n. 2 (6th Cir. 1984); *see also United*

*States v. Boykins*, 1990 WL 143559, *7 (6th Cir. 1990) (unpublished opinion) (noting that "[t]he

District Court stated that it would 'follow the established practice pursuant to *Vinson* of

conditionally admitting co-conspirators' statements at trial, subject to a ruling that the evidence is

sufficient to establish the existence of a conspiracy by a preponderance of the evidence . . . .'").

In the present case, the Defendant argues that this Court should select the first option and

hold an *Enright* hearing should the government seek to introduce statements into evidence of any

alleged co-conspirator. (DE 108). In support of this position, the Defendant correctly cites the Tenth

Circuit's preference for conducting such a pretrial hearing to determine the admissibility of these

statements. *See United States v. Austin*, 786 F.2d 986, 989-90 (10th Cir. 1986). However, the Court

is more persuaded by the government's suggestion that there is an implied preference in this Circuit

to use the third option and conditionally admit the hearsay statements subject to a later

demonstration of their admissibility by a preponderance of the evidence. (DE 128). This view is

supported by the extensive case law which shows trial court judges in this circuit choosing the third

option and having that decision expressly affirmed by the Sixth Circuit Court of Appeals. *See e.g.*,

*United States v. Montgomery*, 358 Fed. Appx. 622, 626 (6th Cir. 2009); *United States v. Lora*, 210

F.3d 373, **2 (6th Cir. 2000) (unpublished opinion); *United States v. Barrett*, 933 F.2d 355, 358 (6th

Cir. 1991). Furthermore, the Court finds that this third approach is most consistent with the

*Bourjaily* case, while also preserving judicial resources, since "[t]his procedure allows trial courts to

rely on the hearsay statements themselves to determine whether the statements are admissible under

FED. R. EVID. 801(d)(2)(E)." *United States v. Estrada*, 829 F.2d 1127, **4 (6th Cir. 1987)

(unpublished opinion). For these reasons, the Court will deny the Defendant's motion and will

instead choose the third option and conditionally admit the hearsay statements subject to a later

demonstration of their admissibility by a preponderance of the evidence. *Vinson*, 606 F.2d at 153.

Finally, in choosing the third option of conditional admission, the Court reminds the

government that it will rule on the admissibility of the hearsay evidence at the close of the

government's case-in-chief. *Vinson*, 606 F.2d at 153. As the government is already aware (DE 128),

if it fails to carry its burden, then on Defendant's motion the Court would be compelled to declare a

mistrial unless convinced that a cautionary jury instruction would keep the Defendant from being

prejudiced. *Id*.

## III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Megan

Coffman's Motion for a *James* Hearing (DE 108) is **DENIED**.

So ordered this 29th day of September, 2010.

Signed By:

*Karen K. Caldwell*

**United States District Judge**