UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                           PLAINTIFF

v.                  **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                                              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Megan Coffman's two motions to sever (DE 105, 113). These motions have been fully briefed and are ripe for a decision. For the reasons set forth below, the Court will deny as premature the Defendant's first motion to sever (DE 105) and will deny outright the Defendant's second motion to sever (DE 113).

I.      **BACKGROUND**

Defendant Megan Coffman was charged in a multi-count superseding indictment along with a number of codefendants, including her husband, Bryan Coffman (DE 44). Defendant Megan Coffman is only named in counts twenty through thirty-two. Count twenty alleges a conspiracy in violation of 18 U.S.C. § 1956(h); count twenty-one alleges money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and counts twenty-two through thirty-two allege money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i). Only Megan Coffman and Bryan Coffman are named in counts twenty through thirty-two. On August

10, 2010, Defendant Megan Coffman filed two motions for a severance (DE 105, 113). On August 27, 2010, the Government filed a response in opposition to both motions (DE 140). The Defendant did not file a reply. The motions were submitted to the Court on September 20, 2010.

## II.     LEGAL STANDARD

As a general rule, "persons indicted together should be tried together." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (citations omitted). In this case, the Defendant concedes that she was properly joined with her codefendants in the indictment (DE 113). However, even when defendants are properly joined, Federal Rule of Criminal Procedure 14 permits the court to grant a severance if "consolidation for trial appears to prejudice a defendant." FED. R. CRIM. P. 14(a). That being said, the Supreme Court has cautioned that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Sixth Circuit has said that "[w]hen a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice . . . ." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (citing *United States v. Bilby*, 752 F.2d 1116, 1123 (6th Cir. 1985)).

## III.    ANALYSIS

The Defendant makes five arguments in support of her requests for a severance. First, the Defendant argues that a joint trial would compromise her right to invoke the confidential marital communications privilege (DE 105). Second, the Defendant argues that a joint trial prejudices her by forcing her to choose between testifying in her own defense and exercising her right not to

testify adversely against her husband, Bryan Coffman (DE 105). Third, the Defendant argues that she would be unfairly prejudiced from spillover evidence at a joint trial (DE 113). Fourth, the Defendant argues that Bryan Coffman could exercise his privilege against self-incrimination at a joint trial and thereby deny her a material witness for her defense (DE 113). Fifth, the Defendant argues that she could be unfairly prejudiced at a joint trial by statements from non-testifying codefendants in violation of *Bruton v. United States*, 391 U.S. 123 (1968) (DE 113). The Court reviews each of these arguments in turn.

### A.     Confidential Marital Communications Privilege

The Defendant argues that a joint trial would compromise her right to invoke the confidential marital communications privilege (DE 105). Specifically, the Defendant claims that Bryan Coffman may exercise his constitutional right to testify in his own defense at their joint trial. *See Neuman v. Rivers*, 125 F.3d 315, 318 (6th Cir. 1997) (citing *Rock v. Arkansas*, 483 U.S. 44, 51 (1987)). The Defendant maintains that Bryan Coffman's potential testimony could contravene her right to assert the confidential marital communications privilege,[1] which allows a defendant spouse "to exclude the testimony of the witness spouse concerning confidential marital communications." *United States v. Gray*, 71 F. App'x 485, 488 (6th Cir. 2003) (citing *United States v. Sims*, 755 F.2d 1239, 1241 (6th Cir. 1985)). The Government responds that Bryan Coffman's testimony regarding statements made by Megan Coffman to him would fall under the joint participants exception to the privilege, which states that "confidential marital

---

[1] In order to assert the privilege, Megan Coffman would have to satisfy three requirements: (1) at the time of the communication, there must have been a marriage recognized as valid by state law; (2) the application of the privilege must be limited to utterances or expressions intended by one spouse to convey a message to the other; and (3) the communication must be made in confidence. *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993).

3

communications are not protected if they pertain to joint criminal activity of the spouses." *Sims*, 755 F.2d at 1241. The Defendant maintains that the Sixth Circuit has construed the joint participants exception narrowly and therefore some statements made by Megan Coffman to Bryan Coffman would likely remain privileged. The Government responds that the exception is broader than the Defendant claims, since it applies to any conversation that merely *pertains* to joint criminal activity. *Gray*, 71 F. App'x at 489 (citing *Sims*, 755 F.2d at 1241-43).

Based on the record presently before the Court, the Defendant has not yet met her heavy burden of showing that a joint trial would cause her specific and compelling prejudice based on her potential assertion of the confidential marital communications privilege. *See Causey*, 834 F.2d at 1287. First and foremost, it is not known whether Bryan Coffman will actually testify at trial. Furthermore, even if Bryan Coffman does testify, the contents of his testimony have not been disclosed. Without a proffer of specific testimony to be offered, the Court can only speculate as to the application of the joint participants exception. Even the Defendant acknowledges that "[i]t is impossible to tell at this point what areas Bryan Coffman will cover if he testifies in his own defense." (DE 105). Therefore, the Court will deny as premature the Defendant's argument that her trial should be severed based on her right to assert the confidential marital communications privilege (DE 105). However, the Court will allow the Defendant to reassert this motion in a specific evidentiary context. The Court would be better positioned to consider the relationship between Bryan Coffman's right to testify in his own defense and Megan Coffman's right to assert this privilege after the Government puts on its case-in-chief.

B.     Adverse Spousal Testimony Privilege

The Defendant next claims, albeit in a footnote, that a joint trial prejudices her by forcing her to choose between testifying in her own defense and exercising her right not to testify adversely against her husband (DE 105). Under the adverse spousal testimony privilege, "the witness-spouse alone has a privilege to refuse to testify adversely; the witness may be neither compelled to testify nor foreclosed from testifying." *Trammel v. United States*, 445 U.S. 40, 53 (1980); *see also Sims*, 755 F.2d at 1240.

Similar to her claim for a severance based on the confidential marital communications privilege, the Defendant poses a hypothetical dilemma that may never come to fruition. After all, the Defendant may not actually testify at trial. Even if she does testify, it is not clear that her testimony would be adverse to her husband's interests; thus, the adverse spousal testimony privilege may not apply. Therefore, the Court will also deny as premature the Defendant's argument that her trial should be severed because she might have to choose between testifying in her own defense and exercising her right not to testify adversely against her husband (DE 105). However, the Court will allow the Defendant to reassert this motion in a specific evidentiary context. Again, the Court would be better positioned to consider this issue after the Government puts on its case-in-chief.[2]

---

[2] Even if the Defendant ultimately decides to testify at trial, and her testimony would be adverse to her husband's interests, the Defendant is on notice that persuasive case law on point holds that the Defendant "'is not entitled to a severance merely because she would rather not testify against her husband at a joint trial.'" *United States v. Freeman*, 694 F.Supp. 190, 192 (E.D. Va. 1988) (quoting *United States v. Sasso*, 78 F.R.D. 292, 294 (S.D.N.Y. 1977)); *see also United States v. Dowdy*, 738 F.Supp. 1283, 1286 (W.D. Mo. 1990) (holding that "if a defendant may be forced to choose between his or her fifth amendment rights and the decision to take the stand, it is certainly fair to compel a defendant to choose between taking the stand and waiving the marital privilege, which is not constitutionally protected.").

### C. Spillover Evidence

The Defendant next argues that she would be unfairly prejudiced from spillover evidence at a joint trial (DE 113). Specifically, the Defendant claims that her trial should be severed because of the large amount of evidence to be introduced against her codefendants as compared to her and the danger of transference of guilt or guilt by association. However, the Defendant cites no case law to support her position.

According to the Sixth Circuit, "a defendant is not entitled to a severance simply because the evidence against a codefendant is far more damaging than the evidence against [her]." *Causey*, 834 F.2d at 1288. This Court acknowledges that "in a joint trial, there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of the evidence relating to each defendant." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 1982). However, the Sixth Circuit has repeatedly held that "'the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately.'" *Id*. (quoting *United States v. Franks*, 511 F.2d 25, 30 (6th Cir. 1975)). Furthermore, "[t]he Supreme Court has noted that 'limiting instructions . . . often will suffice to cure any risk of prejudice' that is present when defendants are tried together." *United States v. Wilson*, 344 F. App'x 134, 140 (6th Cir. 2009) (quoting *Zafiro*, 506 U.S. at 539). This Court will instruct the jury on its duty to consider separately the evidence against each defendant. *See United States v. Lloyd*, 10 F.3d 1197, 1216 (6th Cir. 1993). Therefore, the Court denies outright the Defendant's argument that her trial should be severed because of the risk that she would be unfairly prejudiced from spillover evidence at a joint trial (DE 113).

### D. Exculpatory Testimony

The Defendant next argues that Bryan Coffman could exercise his privilege against self-incrimination at a joint trial and thereby deny her a material witness for her defense (DE 113). However, this claim does not support the Defendant's motion for a severance.

According to the Sixth Circuit, "a motion for severance on the ground of absence of a codefendant's testimony must be accompanied by more than a basic, unsupported contention that a separate trial would afford the defendant exculpatory testimony." *Causey*, 834 F.2d at 1287. Specifically, the defendant must meet a "stringent test" by demonstrating "(1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed." *Id.* (quoting *United States v. Butler*, 611 F.2d 1066, 1071 (5th Cir. 1980)). In her motion for a severance, the Defendant merely says that she "is confident at a separate trial that Bryan Coffman could, and would, provide exculpatory testimony for her defense." (DE 113). The Defendant does not provide a bona fide need for the testimony, does not state the substance of the testimony, does not describe the testimony's exculpatory nature and effect, and does not demonstrate that Bryan Coffman would in fact waive his Fifth Amendment privilege against self-incrimination if the case were severed (DE 113). Thus, the Defendant has not met the "stringent test" which would justify a severance on the basis of obtaining a codefendant's testimony. Therefore, the Court denies outright the Defendant's argument that her trial should be severed because a joint trial may deny her a material witness for her defense (DE 113).

### E. Statements from Non-Testifying Codefendants

Lastly, the Defendant argues that she could be unfairly prejudiced at a joint trial by

statements from non-testifying codefendants in violation of *Bruton* (DE 113). However, the Defendant cites no case law supporting the assertion that the mere possibility of *Bruton* issues in the future justifies a severance.

In *Bruton*, the Supreme Court held that the "admission of a co-defendant's confession implicating the non-confessing defendant violated the non-confessing defendant's Sixth Amendment rights to confrontation and cross-examination where the co-defendant did not testify at trial." *Stanford v. Parker*, 266 F.3d 442, 455-56 (6th Cir. 2001) (citing *Bruton*, 391 U.S. at 123). Although the Defendant claims that two of her codefendants, Bryan Coffman and Gary Milby, have provided statements related to allegations set forth in the indictment (DE 113), it is not clear whether the Government will try to introduce any confessions in this case. Furthermore, even if the Government does seek to admit the confession of a nontestifying codefendant, the Government has said that it is aware of the *Bruton* rule and will comply with its requirements (DE 140). *See Stanford*, 266 F.3d at 456. Of course, the admissibility of such statements is an evidentiary question that the Defendant can raise at trial pursuant to *Bruton* and *Crawford v. Washington*, 541 U.S. 36 (2004). However, the Court denies outright the Defendant's argument that her trial should be severed because she could be unfairly prejudiced at a joint trial by statements from non-testifying codefendants (DE 113).

IV. **CONCLUSION**

For the reasons set forth above:

(1) Defendant Megan Coffman's first motion to sever (DE 105) is **DENIED AS PREMATURE**. However, the Court will allow the Defendant to reassert her motion in a specific evidentiary context.

8

(2) Defendant Megan Coffman's second motion to sever (DE 113) is **DENIED OUTRIGHT**.

So ordered this 5th day of October, 2010.

Signed By:
*Karen K. Caldwell*  KKC
United States District Judge