UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                 PLAINTIFF

v.                  **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN, MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                              DEFENDANTS

\* \* \*  \* \* \*  \* \* \*  \* \* \*

This matter is before the Court on Defendant Bryan Coffman's motion to sever (DE 99). This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will deny the Defendant's motion.

I.     BACKGROUND

Defendant Bryan Coffman was charged in a multi-count superseding indictment along with three codefendants (DE 44). The indictment alleges mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, conspiring under 18 U.S.C. § 1956(h), money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), and engaging in deceptive acts in connection with the purchase and sale of a security in violation of 15 U.S.C. § 78J(b) and 17 C.F.R. 240.10b-5. On August 10, 2010, the Defendant filed a motion for severance (DE 99). On August 27, 2010, the Government filed a response in opposition (DE 127). The Defendant did not file a reply. The motion was submitted to the Court on September 20, 2010.

II.     LEGAL STANDARD

As a general rule, "persons indicted together should be tried together." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (citations omitted). In this case, the Defendant does not

argue that he was improperly joined with his codefendants in the indictment (DE 99). Rather, the Defendant argues that even when defendants are properly joined, Federal Rule of Criminal Procedure 14 permits the court to grant a severance if "consolidation for trial appears to prejudice a defendant." FED. R. CRIM. P. 14(a). That being said, the Supreme Court has cautioned that "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Sixth Circuit has said that "[w]hen a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice . . . ." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (citing *United States v. Bilby*, 752 F.2d 1116, 1123 (6th Cir. 1985)).

### III.  ANALYSIS

The Defendant makes four arguments in support of his request for a severance. First, the Defendant argues that a joint trial may involve one or more defendants presenting antagonistic defenses. Second, the Defendant states that "much of the evidence that the government may attempt to introduce will likely be subject to the attorney-client privilege." Third, the Defendant argues that he would be unfairly prejudiced by spillover evidence at a joint trial and thus found guilty by association. Fourth, the Defendant argues that "Gary Milby has made incriminating statements in connection with this case, which makes severance not only appropriate but necessary to ensure a fair trial." The Court reviews each of these arguments in turn.

####   A.  Antagonistic Defenses

The Defendant argues that a joint trial may involve one or more defendants presenting antagonistic defenses. However, the Defendant does not cite any case law which holds that the

2

possibility of antagonistic defenses justifies a severance.

According to the Sixth Circuit, "even if defendants have antagonistic defenses, in order to prevail on a motion to sever, a defendant must show that the antagonism will mislead or confuse the jury. . . . The defendant carries the heavy burden of making a strong showing of prejudice." *United States v. Weiner*, 988 F.2d 629, 634 (6th Cir. 1993) (internal citations omitted). In his motion for a severance, the Defendant neither identifies the alleged antagonistic defenses nor indicates how they will prejudice him. Therefore, the Court rejects the Defendant's argument that his trial should be severed because one or more defendants may present antagonistic defenses.

### B. Attorney-Client Privilege

The Defendant next claims that "much of the evidence that the government may attempt to introduce will likely be subject to the attorney-client privilege." However, the Defendant fails to elaborate on this statement and articulate how the possible application of the attorney-client privilege warrants a severance. While the Court recognizes that there is an outstanding attorney-client privilege issue which the parties have recently completed briefing (DE 106, 117, 123), the Defendant cites no case law linking the issue of attorney-client privilege to the issue of severance. Therefore, the Court rejects the Defendant's argument that his trial should be severed because of the possible application of the attorney-client privilege.

### C. Spillover Evidence and Guilt by Association

The Defendant next argues that he would be unfairly prejudiced by spillover evidence at a joint trial and thus found guilty by association. Specifically, the Defendant argues that if one or more of his former clients are found guilty, the jury could convict him based on his representation of these codefendants. However, the Defendant cites no case law supporting his position.

According to the Sixth Circuit, "a defendant is not entitled to a severance simply because the

3

evidence against a codefendant is far more damaging than the evidence against him." *United States v. Causey*, 834 F.2d 1277, 1288 (6th Cir. 1987). This Court acknowledges that "in a joint trial, there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of the evidence relating to each defendant." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 1982). However, the Sixth Circuit has repeatedly held that "'the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately.'" *Id.* (quoting *United States v. Franks*, 511 F.2d 25, 30 (6th Cir. 1975)). Furthermore, "[t]he Supreme Court has noted that 'limiting instructions . . . often will suffice to cure any risk of prejudice' that is present when defendants are tried together." *United States v. Wilson*, 344 F. App'x 134, 140 (6th Cir. 2009) (quoting *Zafiro*, 506 U.S. at 539). This Court will instruct the jury on its duty to consider separately the evidence against each defendant. *See United States v. Lloyd*, 10 F.3d 1197, 1216 (6th Cir. 1993). Therefore, the Court denies the Defendant's argument that his trial should be severed because of the risk that he would be unfairly prejudiced by spillover evidence at a joint trial and thus found guilty by association.

## D. Gary Milby's Incriminating Statements

Lastly, the Defendant argues that "Gary Milby has made incriminating statements in connection with this case, which makes severance not only appropriate but necessary to ensure a fair trial." However, the Defendant does not explain how Gary Milby's statements prejudice him. As the Government suggests, the Defendant may be implying that he could be unfairly prejudiced at a joint trial by statements from non-testifying codefendants in violation of *Bruton v. United States*, 391 U.S. 123 (1968). However, the Defendant cites no case law supporting the assertion that the mere possibility of *Bruton* issues in the future justifies a severance.

In *Bruton*, the Supreme Court held that the "admission of a co-defendant's confession

implicating the non-confessing defendant violated the non-confessing defendant's Sixth Amendment rights to confrontation and cross-examination where the co-defendant did not testify at trial." *Stanford v. Parker*, 266 F.3d 442, 455-56 (6th Cir. 2001) (citing *Bruton*, 391 U.S. at 123). Although the Defendant claims that "Gary Milby has made incriminating statements in connection with this case," it is not clear whether the Government will try to introduce any confessions at trial. Furthermore, even if the Government does seek to admit the confession of a non-testifying codefendant, the Government has said that it is aware of the *Bruton* rule and will comply with its requirements (DE 127). *See Stanford*, 266 F.3d at 456. Of course, the admissibility of such statements is an evidentiary question that the Defendant can raise at trial pursuant to *Bruton* and *Crawford v. Washington*, 541 U.S. 36 (2004). However, the Court denies the Defendant's implication that his trial should be severed because he could be unfairly prejudiced at a joint trial by statements from non-testifying codefendants.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Bryan Coffman's motion to sever (DE 99) is **DENIED**.

So ordered this 6th day of October, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge