UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-181-KKC

UNITED STATES OF AMERICA, PLAINTIFF

v. **MEMORANDUM OPINION AND ORDER,**

BRYAN COFFMAN, MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the Defendants' motion for a release of the *lis pendens* notices on nine parcels of real property identified in the superseding indictment as substitute assets pursuant to 21 U.S.C. § 853(p) (DE 55). For the reasons set forth below, the Court will grant the motion in part and deny it in part. The Court will grant the Defendant's motion to the extent that it will order that the *lis pendens* notices on these properties be removed, but the Court will deny the Defendants' claim for attorneys' fees and costs associated with this motion.

I.  **BACKGROUND**

The Defendants were charged in a multi-count superseding indictment (DE 44). The indictment alleges mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, conspiring under 18 U.S.C. § 1956(h), money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), and engaging in deceptive acts in connection with the purchase and sale of a security in violation of 15 U.S.C. § 78J(b) and 17 C.F.R. 240.10b-5. Specifically, the Government alleges that the Defendants created a gas well drilling program and obtained money from investors through various misrepresentations, including those related to the duration and productivity of the gas wells and others related to Defendants'

experience in the industry. Bryan Coffman is named in all thirty-four counts of the indictment, while Megan Coffman is named only in counts twenty through thirty-two. Ultimately, the Government seeks a judgment of approximately $33,000,000 from the Defendants.

To obtain that judgment, the Government lists assets in the forfeiture allegation that are allegedly tainted by their connection to the Defendants' unlawful activity.[1] Additionally, the Government identifies nine parcels of the Defendants' real property for possible criminal forfeiture in the event that the Defendants' tainted assets are unavailable for forfeiture upon their conviction.[2] On or around December 8, 2009, the United States filed a *lis pendens* notice on these substitute assets, stating that "the [United States has] brought an action . . . seeking to forfeit as substitute assets the following described real property." In filing the instant motion, the Defendants assert that the Government had no authority under either federal or state law to file the *lis pendens* notices on these substitute assets. The Court agrees.

---

[1] Statutory authority to seize tainted assets comes from 21 U.S.C. § 853(a) which defines property subject to mandatory criminal forfeiture upon a defendant's conviction as:
    (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of [the criminal] violation;
    (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or facilitate the commission of, such violation; and
    (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.

[2] Statutory authority to seize substitute assets comes from 21 U.S.C. § 853(p), which requires forfeiture of such assets when tainted property under § 853(a):
    (A) cannot be located upon the exercise of due diligence;
    (B) has been transferred or sold to, or deposited with, a third party;
    (C) has been placed beyond the jurisdiction of the court;
    (D) has been substantially diminished in value; or
    (E) has been commingled with other property which cannot be divided without difficulty.

## II. DISCUSSION

### A. Federal Law

The Government's authority to file a pretrial *lis pendens* notice on property that it claims is subject to forfeiture comes from 21 U.S.C. § 853(e), which provides that "[u]pon application of the United States, the court may . . . take any other action to preserve the availability of property *described in subsection (a)* of this section for forfeiture under this section . . . ." 21 U.S.C. § 853(e) (emphasis added). This statute expressly pertains to assets "described in subsection (a)," those tainted assets allegedly derived from or used in criminal activity. This statute does not address the restraint of substitute assets under subsection (p). The issue in this case is whether § 853(e) grants the Government the authority to place a pretrial *lis pendens* notice or other restraint on § 853(p) substitute assets. The Court finds that it does not.

According to the Sixth Circuit, "the plain language of 21 U.S.C. § 853 conveys Congress's intent to authorize the restraint of *tainted* assets prior to trial, but *not* the restraint of *substitute* assets." *United States v. Parrett*, 530 F.3d 422, 431 (6th Cir. 2008). In *Parrett*, the Sixth Circuit also recognized that the overwhelming majority of circuits have similarly held that § 853(e)'s plain language does not authorize the pretrial restraint of § 853(p) substitute assets. *Parrett*, 530 F.3d at 431; *see also United States v. Gotti*, 155 F.3d 144, 149-50 (2d Cir. 1998); *In re Assets of Martin*, 1 F.3d 1351, 1359 (3d Cir. 1993); *United States v. Floyd*, 992 F.2d 498, 501-02 (5th Cir. 1993); *United States v. Riley*, 78 F.3d 367, 371 (8th Cir. 1996); *United States v. Ripinsky*, 20 F.3d 359, 362 (9th Cir. 1994); *United States v. Jarvis*, 499 F.3d 1196, 1204 (10th Cir. 2008). The Government attempts to circumvent the holding in *Parrett* that § 853 does not authorize the pre-conviction restraint of substitute assets by suggesting that a *lis pendens* notice is not a restraint on property (DE 67). The Government cites case law holding that a *lis pendens*

3

notice is distinguishable from both a taking and a seizure. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 54-59 (1983); *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 15 (1985); *Aronson v. City of Akron*, 116 F.3d 804, 811-12 (6th Cir. 1997). However, the Government's argument is inconsistent with the express language of *Parrett*, in which the Sixth Circuit said "we have concluded that § 853 does not itself authorize an order of *lis pendens* over substitute assets prior to the entry of a forfeiture order." *Parrett*, 530 F.3d at 431. Although the distinction between a *lis pendens* and a restraint on property may be important in some contexts, here the Court finds that the characterization is irrelevant. Accordingly, the Court finds that the Government had no authority under federal law to place *lis pendens* notices on the Defendants' substitute assets.

### B. Kentucky Law

Although the Sixth Circuit has held that § 853(e) does not authorize the Government to restrain substitute assets pretrial, the court acknowledged that the statute "does not *prohibit* the federal government from using the *lis pendens* device if authorized under generally applicable state law." *Parrett*, 530 F.3d at 431. The Sixth Circuit found that since Congress did not intend to preempt the statutory field in this area, the Government could place a *lis pendens* on substitute assets if state law permitted such an action. *Id.* at 431-32. Therefore, this Court must determine if the Government had authority under Kentucky state law to place the *lis pendens* notices on the Defendants' substitute assets.

Under Kentucky law, a *lis pendens* is a "notice, recorded in the chain of title to real property, . . . to warn all persons that certain property is the subject matter of litigation, and that any interests acquired during the pendency of the suit are subject to its outcome." *Greene v. McFarland*, 43 S.W.3d 258, 260 (Ky. 2001). A *lis pendens* notice may be filed when any action

4

is "commenced or filed . . . in which title to . . . real property, or any interest therein, is in any manner affected or involved." KY. REV. STAT. ANN. § 382.440 (West 2010). Although the Defendants can cite no Kentucky case law directly addressing the issue raised in their motion, the *Greene* case does provide the Court with guidance.

In *Greene*, the Kentucky Supreme Court applied the Kentucky *lis pendens* statute to a controversy stemming from a divorce proceeding. *Greene*, 43 S.W.3d at 259. The plaintiffs, the Greenes, intervened in a divorce action as general creditors, raising a claim for accounting fees for services they had provided to the corporation of a divorcing couple, the Owenses. *Id*. Subsequently, the Owenses tendered an agreed order distributing their assets, which were being held in escrow by the trial court, to their creditors. *Id*. However, the order failed to identify the Greenes as creditors. *Id*. As a result, the trial court allowed the Greenes to trace the proceeds from the sale of the Owenses' corporate assets. *Id.* In doing so, the Greenes discovered that the Owenses had fraudulently funneled proceeds from their sale of certain assets to pay off loans on their marital residence, which had been conveyed to the McFarlands. *Id.* Upon making this discovery, the Greenes filed a *lis pendens* notice on the property, which the McFarlands then sought to discharge. *Id*. at 259-60.

In reviewing this action, the Kentucky Supreme Court held that the Greenes never filed a valid *lis pendens* on the McFarlands' property. *Greene*, 43 S.W.3d at 260. The court ordered that the *lis pendens* be removed, explaining that "[a] *lis pendens* notice is appropriate in situations where the title to property is at stake (actions for partition, quiet title, and will contests, for example) . . . . Actions for general debt do not give rise to valid *lis pendens* actions because there is no actual . . . interest in the real property." *Id*. at 260. Further, the court reasoned that "[t]he fact that discovery revealed that proceeds of a court-controlled account were

5

allocated to pay debt on the marital residence was not sufficient to give the Greenes an interest in the real property." *Id*. at 261. The Court concluded that "the Greenes' claim [had] no direct attachment to the [McFarland's] real property." *Id*.

In the present case, the Court holds that under Kentucky law, the Government does not have a sufficient interest in the Defendants' nine pieces of real property listed as substitute assets in the indictment to validly file *lis pendens* notices on those properties. The Government argues that it has an interest in the assets by virtue of the "relation-back" provision of 21 U.S.C. §853(c), which states that "[a]ll right, title, and interest in property described in subsection (a) of this section vests in the United States upon the commission of the act giving rise to forfeiture under this section." (DE 67). However, the plain language of § 853(c) explicitly indicates that it pertains to "property described in subsection (a) of this section," and here the Government is trying to establish an interest in property covered in subsection (p). Since the Sixth Circuit followed a plain language approach in construing the meaning of § 853(e), which contains the same language limiting the provision to "property described in subsection (a) of this section," the Sixth Circuit would likely agree that § 853(c)'s "relation-back" provision also does not apply to substitute assets.

The Court has also considered persuasive authority from other circuits in determining that the filing of *lis pendens* notices on the Defendants' substitute assets were not authorized under Kentucky law. For example, in *United States v. Jarvis*, 499 F.3d 1196, 1204-05 (10th Cir. 2007), the Tenth Circuit concluded that New Mexico state law did not authorize the pre-conviction filing of a *lis pendens* on the defendant's substitute assets. The Tenth Circuit applied New Mexico's *lis pendens* statute and found that "[t]o be eligible to record a *lis pendens* notice on a piece of real property, . . . the party recording the notice must assert a present claim to the

6

property's title or have some other present interest in the subject property." *Jarvis*, 499 F.3d at 1203; *see also* N.M. STAT. ANN. § 38-1-14 (West 2010). However, most importantly, the Tenth Circuit held that the United States did not have a present interest in § 853(p) substitute assets until (1) the defendant was convicted, and (2) the defendant's § 853(a) tainted assets were unavailable for forfeiture. *Jarvis*, 499 F.3d at 1205. Accordingly, the Tenth Circuit found that the United States could not have a present interest in substitute assets prior to the defendant's conviction. *Id*. Rather, the United States' interest was characterized as "only a potential and speculative future interest" in § 853(p) substitute assets at the pre-conviction stage. *Id*.

In this case, the plain language of Kentucky's *lis pendens* statute requires the recording party to have an actual interest in the subject property at the time the action commences or is filed. *See* KY. REV. STAT. ANN. § 382.440. In *Greene*, the Kentucky Supreme Court confirmed this interpretation, holding that the recording party must have an "actual . . . interest in the [subject] real property." *Greene*, 43 S.W.3d at 260. However, at present, the Government has, as the Tenth Circuit would say, "only a potential and speculative future interest" in the Defendants' § 853(p) substitute assets. The Government's interest will not become actual or present unless the Defendants are convicted and their § 853(a) tainted assets are unavailable for forfeiture for one of the reasons set forth in § 853(p). Accordingly, the Court finds that under Kentucky law, the Government did not have a sufficient interest in the Defendants' substitute assets to authorize the filing of *lis pendens* notices on these properties.

### C. Public Policy

The Government argues that as a policy matter, the filing of the *lis pendens* notices on the Defendants' substitute assets was necessary to prevent the Defendants from selling those properties to uninformed buyers who may subsequently be forced to forfeit them if the

7

Defendants' are convicted and their § 853(a) tainted assets are unavailable or insufficient for forfeiture (DE 67). As a result, the Government asserts that fairness requires that potential purchasers of these substitute assets be given notice that the title of such properties is subject to a pending lawsuit. However, the Government's argument is misplaced because § 853(c) specifies that a subsequent transferee of property that is subject to criminal forfeiture will not have to forfeit such property if "he is a bona fide purchaser for value . . . who at the time of purchase was reasonably without cause to believe that the property was subject to forfeiture." 21 U.S.C. § 853(c). Thus, the Government's suggestion that its *lis pendens* notices are a way of protecting "unwitting buyers" is without merit; it is likely that those buyers would not have to forfeit the properties at issue even if the Defendants were convicted and their § 853(a) tainted assets are unavailable or insufficient for forfeiture.

>   D.   **Attorneys' Fees and Costs**

Finally, the Defendants argue that they should be awarded attorneys' fees and costs associated with this motion (DE 55). Under federal law, prevailing parties must be awarded attorneys' fees and other expenses unless the Government's position was "substantially justified" or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The Sixth Circuit has elaborated on the meaning of "substantially justified" under this statute, explaining that the Government's position is "substantially justified" if it is

> justified to a degree that could satisfy a reasonable person. . . . [A] position can be justified even though it is not correct, and we believe it can be substantially (i.e. for the most part) justified if a reasonable person could think it is correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991) (internal citations omitted). While the Defendants claim there is a "clarity [in] the law on the

8

impropriety of filing notices of lis pendens on substitute assets," the Defendants themselves acknowledge that "[n]o Kentucky cases appear to have addressed the specific issue raised by this motion." (DE 55). Having considered the facts of this case and the Government's legal arguments in this somewhat unsettled area of the law, the Court finds that the Government's position was "substantially justified" and therefore, rejects the Defendants' claim for attorneys' fees and costs associated with this motion.

### III. CONCLUSION

For the reasons set forth above, the Defendants' Motion for a Release of the *Lis Pendens* Notices on Substitute Assets (DE 55) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendants' Motion is **GRANTED** to the extent that the United States is **HEREBY ORDERED** to remove the *lis pendens* notices from the Defendants' substitute assets forthwith; and

(2) Defendants' Motion is **DENIED** only to the limited extent that the Court rejects the Defendants' claim for attorneys' fees and costs associated with this motion.

This 7th day of October, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge