UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                                PLAINTIFF

v.          **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                                                              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Megan Coffman's motion to dismiss counts twenty and twenty-two through thirty-two of the indictment as unconstitutionally duplicitous (DE 114). This motion has been fully briefed and is ripe for a decision. For the reasons set forth below, the Court will deny the Defendant's motion.

I.   **BACKGROUND**

Defendant Megan Coffman was charged in a multi-count superseding indictment along with a number of codefendants, including her husband, Bryan Coffman (DE 44). Defendant Megan Coffman is only named in counts twenty through thirty-two. Count twenty alleges a conspiracy in violation of 18 U.S.C. § 1956(h)[1]; count twenty-one alleges money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and counts twenty-two through thirty-two allege

---

[1] 18 U.S.C. § 1956(h) provides that "[a]ny person who conspires to commit any offense defined in this section or section 1957 shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy."

money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) *and* 1956(a)(1)(B)(i).[2]

First, the Defendant argues that counts twenty-two through thirty-two of the indictment should be dismissed as unconstitutionally duplicitous because, according to the Defendant, each of these counts join two separate and distinct crimes in a single count (DE 114). As a result, the Defendant claims that she is "unfairly and unconstitutionally left to guess as to the nature of the charges against her" (DE 114). Furthermore, the Defendant claims that "a unanimous jury verdict is impossible since the individual jurors could disagree as to which of the two separate and distinct statutes may have been proven at trial" (DE 114). Second, the Defendant argues that count twenty of the indictment is also unconstitutionally duplicitous because it alleges a conspiracy to violate two separate and distinct statutes–18 U.S.C. § 1956 and § 1957 (DE 114, 44). The Court considers each of the Defendant's arguments in turn and finds that neither is compelling.

---

[2] 18 U.S.C. § 1956 provides, in part:

(a)(1)  Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity–

(A)(i)  with the intent to promote the carrying on of specified unlawful activity; or

(A)(ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986; or

(B)(i)  knowing that the transaction is designed in whole or in part– to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity; or

(B)(ii) knowing that the transaction is designed in whole or in part– to avoid a transaction reporting requirement under State or Federal law, . . .

shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both. . . .

## II. DISCUSSION

### A. Counts Twenty-Two through Thirty-Two

Defendant cites no case law supporting her argument that counts twenty-two through thirty-two of the indictment should be dismissed as unconstitutionally duplicitous because each of these counts join two separate and distinct crimes in a single count (DE 114).

According to the Sixth Circuit, "[a]n indictment is duplicitous if it sets forth separate and distinct crimes in one count." *United States v. Davis*, 306 F.3d 398, 415 (6th Cir. 2002). However, an indictment is not duplicitous if it alleges in one count multiple means of committing a single offense. *United States v. Damrah*, 412 F.3d 618, 622 (6th Cir. 2005). Therefore, the critical question in this case is whether 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) are separate and distinct crimes or simply multiple means of committing a single offense.

Although the Sixth Circuit has not directly addressed this issue, it has characterized § 1956 subsections (a)(1)(A) and (a)(1)(B) as "alternative bases for a money laundering conviction." *United States v. Westine*, 1994 WL 88831, *2 (6th Cir. 1994); *see also* Sixth Circuit Criminal Pattern Jury Instructions Use Note to § 11.01. Furthermore, a majority of other circuits have determined that § 1956(a)(1) does not create separate offenses, but rather only alternative mental states for the single offense of money laundering. *See United States v. Garcia-Torres*, 341 F.3d 61, 65-66 (1st Cir. 2003); *United States v. Holmes*, 44 F.3d 1150, 1155-56 (2d Cir. 1995); *United States v. Navarro*, 145 F.3d 580, 590-92 (3d Cir. 1998); *United States v. Bolden*, 325 F.3d 471, 487 n. 19 (4th Cir. 2003); *United States v. Meshack*, 225 F.3d 556, 580 n. 23 (5th Cir. 2000), *reh'g granted on other grounds, United States v. Meschack*, 244 F.3d 367 (5th Cir. 2001); *United States v. Booth*, 309 F.3d 566, 571-72 (9th Cir. 2002); *United States v. Seher*, 562

F.3d 1344, 1361 (11th Cir. 2009). Some of these courts conducted lengthy analyses of the legislative intent behind § 1956 in finding that "Congress intended for the subsections 'to be construed as separate means of committing the same offense.'" *Seher*, 562 F.3d at 1362 (quoting *Navarro*, 145 F.3d at 590). Moreover, these circuits found that this interpretation of § 1956 raises no due process concerns and presents no risk of jury confusion. *See Seher*, 562 F.3d at 1362 (citing *Navarro*, 145 F.3d at 590). Accordingly, the Court finds that counts twenty-two through thirty-two of the indictment are not duplicitous because 18 U.S.C. § 1956(a)(1)(A)(i) and § 1956(a)(1)(B)(i) are simply multiple means of committing the single offense of money laundering; therefore, these subsections can be properly charged in a single count in the indictment. Thus, the Court rejects the Defendant's claim that she is "unfairly and unconstitutionally left to guess as to the nature of the charges against her" (DE 114).

The Defendant also claims that "a unanimous jury verdict is impossible since the individual jurors could disagree as to which of the two separate and distinct statutes may have been proven at trial" (DE 114). The Defendant implies that the Court should specifically instruct the jury that it must unanimously decide which of the alternative mental states the Defendant possessed. Although the "Sixth Circuit has not addressed the question of whether an augmented unanimity instruction is required, . . . [o]ther circuits have found that a specific unanimity instruction is not required; rather, a general unanimity instruction is sufficient." Sixth Circuit Criminal Pattern Jury Instructions Use Note to § 11.01 (citing *Navarro*, 145 F.3d at 592; *Holmes*, 44 F.3d at 1155-56). In other words, although the indictment conjunctively charged the Defendant with possessing two mental states listed in § 1956(a)(1), it would be proper for the Court to give a general unanimity instruction and then instruct the jury in the disjunctive–i.e.,

4

that the jury could convict the Defendant if it found that the Defendant conducted the money laundering transactions with the mental state listed in *either* § 1956(a)(1)(A)(i) *or* § 1956(a)(1)(B)(i). *See Garcia-Torres*, 341 F.3d at 66-67; *Navarro*, 145 F.3d at 585; *Seher*, 562 F.3d at 1362. Therefore, the Court rejects the Defendant's argument that possible unanimity issues requires the Court to dismiss counts twenty-two through thirty-two.

### B. Count Twenty

The Defendant next argues that count twenty of the indictment is unconstitutionally duplicitous because it alleges a conspiracy to violate two separate and distinct statutes–18 U.S.C. § 1956 and § 1957 (DE 114, 44). However, the Sixth Circuit has long held "that the allegation, in a single count of conspiracy, of an agreement to commit several crimes is not duplicitous, as conspiracy itself is the crime." *United States v. Dale*, 178 F.3d 429, 431 (6th Cir. 1999) (citing *Braverman v. United States*, 317 U.S. 49, 54 (1942)). Since the Defendant cites no case law supporting her position, the Court rejects her argument that count twenty of the indictment is duplicitous.

## III. CONCLUSION

For the reasons set forth above, Defendant Megan Coffman's motion to dismiss counts twenty and twenty-two through thirty-two of the indictment as unconstitutionally duplicitous (DE 114) is **DENIED**.

So ordered this 18th day of October, 2010.



Signed By:
*Karen K. Caldwell*
United States District Judge