UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA     PLAINTIFF

v.     **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY     DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court following briefs submitted by the parties regarding the possible application of the attorney-client and/or work product privileges to documents seized by the Government in this case (DE 106, 117, 123). For the reasons set forth below, the Court will schedule an evidentiary hearing regarding the procedures used by the Government's privilege review team.

**I.     BACKGROUND**

Defendant Bryan Coffman, an attorney, was charged in a multi-count superseding indictment along with a number of codefendants, including his client, Gary Milby (DE 44). On October 8, 2008, federal law enforcement agencies conducted a search of the Defendant's law office pursuant to a search warrant (DE 117). The Government seized thousands of documents (DE 106, 117). Subsequently, the Government utilized a privilege review team, known as a "taint team," to review these documents to determine which are privileged (DE 106, 117).

Specifically, the taint team sorted the seized documents into three color-coded categories–red, yellow, and green–based upon the team's level of certainty regarding the privilege issue (DE 117). If the taint team determined that a document was clearly privileged, it was classified as red; potentially privileged, yellow; and not privileged, green (DE 117). While the red and yellow documents remain in the possession of the taint team, the green documents were delivered to the prosecution for use in its investigation (DE 117). However, the Government asserts that it turned over *all* documents to the Defendant in January, 2010 (DE 117).

The Defendant objects to the taint team process and, without citing relevant authority, claims that all of the documents seized from the Defendant's law office are protected by the attorney-client privilege (DE 106). The Defendant requests an evidentiary hearing on the taint team's procedures and seeks to determine whether privileged material was provided to the prosecution (DE 106).

## II. ANALYSIS

The Sixth Circuit has recognized a role for taint teams in certain criminal cases. Specifically, the court has said that

> government taint teams seem to be used primarily in limited, exigent circumstances in which government officials have already obtained the physical control of potentially-privileged documents through the exercise of a search warrant. In such cases, the potentially-privileged documents are already in the government's possession, and so the use of the taint team to sift the wheat from the chaff constitutes an action respectful of, rather than injurious to, the protection of the privilege.

*In Re Grand Jury Subpoenas*, 454 F.3d 511, 522-23 (6th Cir. 2006) (citing *United States v. Abbell*, 914 F.Supp. 519 (S.D. Fla. 1995)). In this case, since the Government employed a taint team after it seized the Defendant's documents through the exercise of a search warrant, the

2

Court finds that the use of the taint team itself did not prejudice the Defendant.

Nevertheless, the Defendant is correct that some courts have expressly disapproved of the government's use of taint teams to review documents. *See e.g.*, *United States v. Kaplan*, 2003 WL 22880914, *12 (S.D.N.Y. 2003); *In re McCorkle*, 972 F. Supp. 1423, 1437 (M.D. Fla. 1997); *In re Search Warrant for Law Offices Executed on March 19, 1992* 153 F.R.D. 55, 59 (S.D.N.Y. 1994). Some courts have even held that where the government uses a taint team, "it bears the burden to rebut the presumption that tainted material was provided to the prosecution team." *United States v. Neill*, 952 F.Supp. 834, 841 (D.D.C. 1997); *see also United States v. Renzi*, 2010 WL 2267085, *11 (D. Ariz. 2010). Although the Sixth Circuit has not expressly adopted this approach, the court has echoed some of the criticism of taint teams, saying that

> taint teams present inevitable, and reasonably foreseeable, risks to privilege, for they have been implicated in the past in leaks of confidential information to prosecutors. That is to say, the government taint team may have an interest in preserving privilege, but it also possesses a conflicting interest in pursuing the investigation, and, human nature being what it is, occasionally some taint-team attorneys will make mistakes or violate their ethical obligations. It is thus logical to suppose that taint teams pose a serious risk to holders of privilege, and this supposition is substantiated by past experience. . . . [There is] an obvious flaw in the taint team procedure: the government's fox is left in charge of the [defendant's] henhouse, and may err by neglect or malice, as well as by honest differences of opinion.

*In Re Grand Jury Subpoenas*, 454 F.3d 511, 523 (6th Cir. 2006). Therefore, although the Sixth Circuit has recognized a legitimate role for taint teams in certain criminal cases, the Court will conduct an evidentiary hearing regarding the propriety of the procedures used by the taint team in this particular case.

### III. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

3

(1) An evidentiary hearing regarding the procedures used by the Government's taint team shall be held on **WEDNESDAY, NOVEMBER 3, 2010 at 1:30 p.m.** At the hearing, the Government **SHALL** put on evidence regarding the procedures used by the taint team in this case, including, but not limited to, those procedures in place to prevent the disclosure of privileged information to the prosecution. The Government **SHALL** also make a showing that only green-coded documents were disclosed to the prosecution.

(2) At the hearing, the Government **SHALL** be prepared to divulge the number of red, yellow, and green documents, including the number of green documents it anticipates offering into evidence at trial and the number of green documents that have served or will serve as the basis for any expert testimony.

So ordered this 21st day of October, 2010.

Signed By:
*Karen K. Caldwell*
United States District Judge