UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 5:09-181-KKC

UNITED STATES OF AMERICA, PLAINTIFF

v. **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN and
MEGAN COFFMAN, DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

The Government moves this Court to stay its previous order requiring the Government to remove the *lis pendens* notices it placed on property listed in the superseding indictment as substitute assets, pending an appeal to the United States Court of Appeals for the Sixth Circuit (DE 149). This motion has been fully briefed and is ripe for a decision. After balancing the factors that govern a stay pending appeal, the Court finds that a stay is warranted. Accordingly, the Court will grant the Government's motion.

The Defendants were charged in a multi-count superseding indictment (DE 44). In the indictment, the Government seeks a judgment of approximately $33,000,000. To obtain that judgment, the Government lists assets in the forfeiture allegation that are allegedly tainted by their connection to the Defendants' unlawful activity. Additionally, the Government identifies nine pieces of real property owned by the Defendant for possible criminal forfeiture in the event that the Defendants' allegedly tainted assets are unavailable for forfeiture upon their conviction. On or around December 8, 2009, the United States filed *lis pendens* notices on these substitute

assets, stating that "the [United States has] brought an action . . . seeking to forfeit as substitute assets the following described real property." The Defendant filed a motion for a release of the *lis pendens* notices on these substitute assets (DE 55). On October 7, 2010, this Court found that the Government had no authority under either federal or state law to file the *lis pendens* notices on these substitute assets and thus, ordered the Government to remove the notices forthwith (DE 147). The Government has now filed a motion to stay this order, pending an appeal to the Sixth Circuit (DE 149).

According to the Sixth Circuit, in determining whether to stay an order pending appeal, the Court must balance four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay." *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001) (citing *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). These four factors "are not prerequisites but are interconnected considerations that must be balanced together." *Coal. to Defend Affirmative Action v. Granholm*, 244 (6th Cir. 2006) (citing *Griepentrog*, 945 F.2d at 153). The Court considers each of these factors in turn.

First, the Court must consider the likelihood that the Government will prevail on the merits of the appeal. The Court obviously does not think that the Government will succeed on appeal, given the Court's finding that the Government had no authority under either federal or state law to file the *lis pendens* notices on the substitute assets. However, the Sixth Circuit has pointed out that "[t]o justify the granting of a stay, . . . a movant need not always establish a high probability of success on the merits." Instead, the Government must "demonstrate more than the

2

mere 'possibility' of success on the merits." *Griepentrog*, 945 F.2d at 153. In other words, the Government is "required to show, at a minimum, 'serious questions going to the merits.'" *Id*. at 154 (quoting *In re Delorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

In this case, although the Sixth Circuit has clearly held that the Government has no authority under federal law to place *lis pendens* notices on a criminal defendant's substitute assets prior to trial, it has not ruled on whether the Government has such authority under Kentucky law. *See United States v. Parrett*, 530 F.3d 422, 431-32 (6th Cir. 2008). Furthermore, neither party has cited Kentucky case law directly addressing this issue. Instead, the Court considered a Kentucky Supreme Court decision applying Kentucky's *lis pendens* statute in the context of a divorce proceeding. *See Greene v. McFarland*, 43 S.W.3d 258 (Ky. 2001).

In *Greene*, the court explained that under Kentucky law, "[a] *lis pendens* notice is appropriate in situations where the title to property is at stake (actions for partition, quiet title, and will contests, for example)." *Id*. at 260. Furthermore, the court held that the party filing the *lis pendens* notice must have an "actual . . . interest in the real property." *Id*.; *see also Coldwell Bankers-Bisceglia Realty Co. v. Kemp*, 2004 WL 537935, *2 (Ky. Ct. App. 2004) ("the property described in the [lis pendens] notice must be at the very essence of the controversy between the litigants"). Ultimately, this Court reasoned that, prior to trial, the Government only has a potential and speculative future interest in the substitute assets and will not have an actual interest until the Defendants are convicted and their allegedly tainted assets are unavailable for forfeiture.

Despite the foregoing analysis, the Court recognizes that this case will present the Sixth Circuit with an issue of first impression–whether the Government has authority under Kentucky

3

law to place *lis pendens* notices on a criminal defendant's substitute assets prior to trial. Given the absence of Kentucky law on this precise issue, the Court reaffirms its view that this is an unsettled area of the law (DE 147). Accordingly, the Court finds that on appeal, the Government has more than a mere possibility of success on the merits. *See Griepentrog*, 945 F.2d at 153.

Next, the Court must consider the likelihood that the Government will be irreparably harmed absent a stay. If the Court denies the Government's motion for a stay, the Defendants could sell the substitute assets to bona fide purchasers. The substitute assets would then be unavailable for forfeiture even if the Sixth Circuit found that the Government did have authority under Kentucky law to place *lis pendens* notices on the substitute assets prior to trial. *See* 21 U.S.C. §§ 853(c), 853(n)(6)(B). Therefore, the Court finds that without a stay, the Government would likely be irreparably harmed if it receives a favorable decision from the Sixth Circuit.

The Court must next consider the prospect that others will be harmed if the court grants a stay. The Court is sympathetic to the Defendants' argument that they have an "interest in the unrestrained use of their property for living expenses, supporting their children and household, and paying legal fees." (DE 153). However, as the Government correctly points out, the Defendants are free to reside at these addresses and/or use them to generate rental income. Furthermore, if the Sixth Circuit affirms this Court's previous order then the Government would be required to remove the *lis pendens* notices from the substitute assets and the Defendants could pass a clear title to third party purchasers. Accordingly, the Court finds that any harm to the Defendants as a result of a stay is temporary and does not outweigh the harm to the Government resulting from the other factors.

Finally, the Court must consider the public interest in granting a stay. If the Court denies

the Government's motion for a stay, the Defendants sell the substitute assets, and the Sixth Circuit rules favorably for the Government, a sizeable amount of assets would be unavailable for a possible restitution order should the Defendants be convicted. Since the Government alleges that there are a sizeable number of victim investors in this case, the Court finds that there is a strong public interest in granting a stay and awaiting a ruling from the Sixth Circuit before the Defendants sell the substitute assets.

In conclusion, after balancing the factors that govern a stay pending appeal, the Court finds that a stay is warranted. Accordingly, **IT IS HEREBY ORDERED** that the Government's motion for a stay (DE 149) is **GRANTED**.

This 12th day of November, 2010.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge