UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CRIMINAL ACTION NO. 09-181-KKC

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                          **OPINION & ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                               DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Bryan Coffman's Ex Parte Motion to Reconsider [DE 299]. Defendant Bryan Coffman asks this Court to reconsider its Order, dated April 14, 2011 [DE 296], in which the Court reserved ruling on Defendant Gary Milby's assertions of the attorney-client and work-product privileges with regard to those red documents that Defendant Bryan Coffman has represented that he will seek to introduce at trial in his own defense.

Having considered Defendant Bryan Coffman's Ex Parte Motion to Reconsider [DE 299], it is **HEREBY ORDERED** as follows:

(1) Defendant Bryan Coffman's Ex Parte Motion to Reconsider [DE 299] is **GRANTED**, but only to the extent that the Court will provide its rulings on the aforementioned documents. The Court will address Defendant Bryan Coffman's motion for a severance by **SEPARATE ORDER**.

(2) Defendant Megan Coffman's Ex Parte Motion to Adopt and Join in Co-Defendant Bryan Coffman's Ex Parte Motion to Reconsider [DE 300] is **GRANTED**, but only to the extent that she be permitted to adopt and join in Defendant Bryan Coffman's

Motion at Docket Entry #299. Defendant Megan Coffman's Motion [DE 300] is **DENIED** in all other respects.

(3) With regard to the red documents that Defendant Bryan Coffman anticipates introducing at trial [DE 244], the Court **FINDS** as follows:

| PDF Page No. | Ruling |
|---|---|
| 1-2 | This is a letter from Bryan Coffman to Gary and Wanda Milby dated May 19, 2003 regarding the formation of MidAmerica and two LLPs. The letter also purports to forward documents that either have been or are about to be filed in the public record. In light of the evidence presented by the Government at the March 3, 2011 hearing regarding the formation of MidAmerica and LLPs, there is some relationship between this communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**.[1] |
| 3 | **Defendant Milby waived any claim of privilege as to this document [DE 285].** |
| 4-6 | **Defendant Milby waived any claim of privilege as to this document [DE 285].** |

---

[1] In Defendant Bryan Coffman's Motion for Severance [DE 248], he seems to raise the issue of what findings are required from the Court under the second part of the two-part test for applying the crime-fraud exception [DE 248, pg. 5]. Defendant Gary Milby also raised this issue at the March 7, 2011 hearing [DE 243, pgs. 49-52].

In reviewing all documents seized from Defendant Bryan Coffman's law office pursuant to a search warrant, the Court has found that a number of documents are subject to the crime-fraud exception to the attorney-client and work-product privileges. In making these findings, the Court has noted that there is some relationship between the communication at issue and the prima facie showing that a crime or fraud occurred. These findings are in accordance with the second part of the two-part test for applying the crime-fraud exception, which provides that "'[f]irst, the government must make a prima facie showing that a sufficiently serious crime or fraud occurred to defeat the privilege; second, the government must establish some relationship between the communication at issue and the prima facie violation.'" *United States v. Collis*, 128 F.3d 313, 321 (6th Cir. 1997) (quoting *In re Antitrust Grand Jury*, 805 F.2d 155, 164 (6th Cir. 1986)). Where the Court has determined that the crime-fraud exception applies, it has necessarily considered the intrinsic question of whether the communication at issue was "made with an intent to further the crime [or fraud]." *See In re Antitrust Grand Jury*, 805 F.2d 155, 167 (6th Cir. 1986); *see also In re Search Warrant Executed at Law Offices of Stephen Garea*, 1999 WL 137499, at *3 (6th Cir. 1999); *Cozzens v. City of Lincoln Park*, 2009 WL 2242396, at *6 (E.D.Mich. 2009).

| | |
|---|---|
| 7-8 | **Defendant Milby waived any claim of privilege as to PDF Page No. 7 [DE 285].**<br><br>**PDF Page No. 8** is an e-mail from Paul Stoller to Bryan Coffman dated March 24, 2006 regarding a request for a hearing before the Arizona Corporation Commission. In light of the evidence presented at the March 3, 2011 hearing regarding the Arizona Corporation Commission, including but not limited to Exhibit 13, there is some relationship between the present communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
| 21 | This is an e-mail from Paul Stoller to Bryan Coffman and Clint Goff dated April 10, 2006 regarding the Arizona Corporation Commission. In light of the evidence presented at the March 3, 2011 hearing regarding the Arizona Corporation Commission, including but not limited to Exhibit 13, there is some relationship between the present communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
| 32 | This is an e-mail from Paul Stoller to Bryan Coffman and Clint Goff dated April 11, 2006 regarding the Arizona Corporation Commission. In light of the evidence presented at the March 3, 2011 hearing regarding the Arizona Corporation Commission, including but not limited to Exhibit 13, there is some relationship between the present communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
| 54 | **Defendant Milby waived any claim of privilege as to this document [DE 285].** |
| 58-59 | This is an e-mail exchange between Paul Stoller, Bryan Coffman, and Clint Goff dated April 18, 2006 regarding the Arizona Corporation Commission and Arizona investors. In light of the evidence presented at the March 3, 2011 hearing regarding the MidAmerica's actions in Arizona, including but not limited to Exhibit 13, there is some relationship between the present communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
| 72 | **Defendant Milby waived any claim of privilege as to this document [DE 285].** |

| | |
|---|---|
| 78-140 | **PDF Page No. 78-86** appears to be **privileged** and not subject to the crime-fraud exception.  However, its relevance is highly questionable and thus, it may be inadmissible at trial.

The Court will **reserve ruling** on **PDF Page No. 87-117** because the Court cannot decide whether this document is privileged outside of a specific evidentiary context.

**PDF Page No. 118-140** is the same as a yellow-coded document– Defendant Bryan Coffman's Exhibit No. 18 (PDF Page No. 380-401).  **Defendant Gary Milby** did not assert the privilege as to this yellow-coded document [DE 234] and thus, **waived the privilege with respect to this document**.  Therefore, this document has already been disclosed to the Government's prosecution team. |
| 242-252 | **PDF Page No. 242-249** is an eight-page invoice ranging from October 2002 to October 2005 regarding MidAmerica and Gary Milby.  In light of the evidence presented at the March 3, 2011 hearing regarding MidAmerica and Gary Milby, there is some relationship between the present communication and the prima facie showing that a crime or fraud occurred.  Thus, this is subject to the **crime-fraud exception**.

**PDF Page No. 250-252** is a letter from Bryan Coffman to Gary Milby dated January 17, 2006 regarding invoices for legal services for MidAmerica in 2005.  In light of the evidence presented at the March 3, 2011 hearing regarding Coffman's representation of Milby and MidAmerica, there is some relationship between this communication and the prima facie showing that a crime or fraud occurred.  Thus, this is subject to the **crime-fraud exception**. |
| 254-255 | This is a letter from Bryan Coffman to Gary Milby dated October 17, 2005, informing Milby that John Kyle of the DFI inquired about MidAmerica's activities.  In light of the evidence presented at the March 3, 2011 hearing regarding MidAmerica and the DFI's investigation, including but not limited to the testimony of Chad Harlan, there is some relationship between this communication and the prima facie showing that a crime or fraud occurred.  Thus, this is subject to the **crime-fraud exception**. |

| 256-257 | This is a letter from Bryan Coffman to Gary Milby dated October 25, 2005 regarding invoices for legal services for MidAmerica, as well as the formation of other partnerships. In light of the evidence presented at the March 3, 2011 hearing regarding MidAmerica and the formation of partnerships, there is some relationship between this communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
|---|---|
| 273-274 | This letter is the signed version of a yellow-coded document–Defendant Bryan Coffman's Exhibit No. 42 (PDF Page No. 688-689). **The same ruling applies.** |
| 275-278 | **PDF Page No. 275-276** is a letter from Bryan Coffman to Morgan Milby, child of Gary Milby, regarding Coffman's role as trustee for Morgan Milby regarding the Arimor Irrevocable Trust. This document is **not privileged** as to Gary Milby.<br><br>**PDF Page No. 277-278** is the signed version of a yellow-coded document–Defendant Bryan Coffman's Exhibit No. 42 (PDF Page No. 688-689). **The same ruling applies.** |
| 281 | This is a letter from Bryan Coffman to Gary Milby dated August 16, 2005 regarding a default notice from the Nevada Secretary of State for MidAmerica. In light of the evidence presented at the March 3, 2011 hearing regarding MidAmerica, there is some relationship between this communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
| 282-283 | This is a letter from Bryan Coffman to Gary Milby dated August 10, 2005 regarding application forms for registration of various LLPs listed in the indictment. In light of the evidence presented at the March 3, 2011 hearing regarding LLPs, including but not limited to Exhibit 28B, 28C, and 28D related to Fort Knox #10, there is some relationship between this communication and the prima facie showing that a crime or fraud occurred. Thus, this is subject to the **crime-fraud exception**. |
| 292-294 | This letter is the signed version of a yellow-coded document–Defendant Bryan Coffman's Exhibit No. 31 (PDF Page No. 663-665). **The same ruling applies.** |

(4) The Government's filter team **SHALL** disclose to the Government's prosecution team the foregoing documents that the Court has found to be either not privileged

or subject to the crime-fraud exception. This includes all of the foregoing documents, except PDF Page No. 78-86 and PDF Page No. 87-117.

Dated this 18th day of April, 2011.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge