UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-181-KKC

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                             **OPINION & ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                                     DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Bryan Coffman's Motion for Severance [DE 248], which he renewed in his Ex Parte Motion to Reconsider [DE 299]. In his motion [DE 248], Coffman claims that he will seek to introduce documents in his own defense which are privileged as to Defendant Gary Milby, presenting the Court with a dilemma–either exclude the documents and prevent Coffman from adequately defending himself, or admit them and prejudice Milby. For this reason, Coffman argues that "a joint trial of Coffman and his former client, Gary Milby, will place squarely at odds one defendant's Sixth Amendment right to present his defense with another defendant's right not to have privileged communications between himself and his attorney admitted as evidence against him. Severing the trial of Bryan Coffman is the only feasible solution to this problem." [DE 248, pgs. 2-3].

As a general rule, "persons indicted together should be tried together." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (citations omitted). However, Federal Rule of Criminal Procedure 14 permits the court to grant a severance if "consolidation for trial appears to prejudice a defendant." FED. R. CRIM. P. 14(a). That being said, the Supreme Court has cautioned

that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). The Sixth Circuit has said that "[w]hen a defendant seeks a severance, he has a heavy burden of showing specific and compelling prejudice." *United States v. Causey*, 834 F.2d 1277, 1287 (6th Cir. 1987) (citing *United States v. Bibby*, 752 F.2d 1116, 1123 (6th Cir. 1985)).

In this case, Coffman has failed to meet his heavy burden or to support his claim that a "joint trial of these defendants will present a major problem of constitutional proportions." [DE 248, pg. 1]. Of the documents Coffman seeks to introduce, the Court has determined that three of them are privileged and not subject to the crime-fraud exception [DE 276, 303]. The Court has reserved ruling on the privilege issue as to one other document until it is offered into evidence by Coffman on cross-examination of a Government witness or until after the conclusion of the Government's case-in-chief [DE 303]. None of these four documents has been considered in light of the rules of evidence and all appear to be of questionable relevance to Coffman's defense. Moreover, even if all of these documents should be admitted, any prejudice to Milby could likely be cured by a limiting instruction. Also, it would be up to Milby, not Coffman, to allege prejudice sufficient to warrant either a limiting instruction or a severance. Counsel for Defendant Bryan Coffman seemed to acknowledge this at the March 7, 2011 hearing, when he said "in all honesty, it will probably be Mr. Murphy's [counsel for Defendant Milby's] motion to sever more than mine, because they don't so much – they don't prejudice me as much, because they help my case." [DE 243, pg. 99]. With that in mind, Defendant Milby has never moved for a severance and his counsel indicated at the April 1, 2011 telephonic status conference that, as of that date, he had no intention of filing a motion to

sever.

In short, Defendant Bryan Coffman's Motion for Severance [DE 248] is without merit because to date, the Court has never prevented him from introducing a document in his own defense on the grounds that it is privileged as to Defendant Milby.[1]

Accordingly, it is **HEREBY ORDERED** that Defendant Bryan Coffman's Motion for Severance [DE 248], which he renewed in his Ex Parte Motion to Reconsider [DE 299], is **DENIED**.

Dated this 18th day of April, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**

---

[1] Even if the Court were to prevent Defendant Bryan Coffman from introducing a document in his own defense on the grounds that it is privileged as to Defendant Milby, the Court rejects the notion that Defendant Bryan Coffman would necessarily suffer sufficient prejudice to warrant a severance. The Court has reviewed those few documents that it found to be privileged and not subject to the crime-fraud exception and does not see how they are particularly relevant to Bryan Coffman's defense, let alone "extremely exculpatory." [DE 248, pg. 2]. Thus, it is unlikely that Defendant Bryan Coffman could show that the exclusion of these documents at trial would cause him the specific and compelling prejudice necessary to justify a severance.