UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 09-CR-181-KKC

UNITED STATES OF AMERICA                                                                   PLAINTIFF

v.                                       **OPINION AND ORDER**

BRYAN COFFMAN,
MEGAN COFFMAN,
VADIM TSATSKIN, aka VICTOR TSATSKIN, and
GARY MILBY                                                DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on a number of motions raised during the pretrial conference on Monday, April 18, 2011.

The Court, having reviewed the motions and heard arguments at the pretrial conference, **HEREBY ORDERS** as follows:

(1) Defendants' Motion in Limine at Docket Entry #306 is **DENIED**. First, the Court rejects the Defendants' argument that alleged investors in MidAmerica and Global who are not listed in the Indictment cannot testify as to the alleged scheme to defraud in this case. The Indictment charges nineteen counts of mail and wire fraud and alleges two separate underlying schemes to defraud. The schemes to defraud are elements of the offenses charged in the Indictment. The Indictment alleges two schemes to defraud: a scheme to entice investors to invest in MidAmerica and a scheme to entice investors to invest in Global. Alleged investors in either MidAmerica or Global provide relevant evidence to establish the schemes. They need not be the investors to whom the mailings or wirings

were directed. That being said, the Court recognizes that at some point evidence from additional alleged investors may be excluded on other grounds including, but not limited to, the cumulative nature of the evidence. But the Court cannot exclude the evidence on the sole basis that the alleged investors are not named in the indictment as recipients of the mailings or wirings.

Second, the Court also rejects the Defendants' argument that the Government cannot introduce any evidence outside the relevant time period stated in the Indictment. The Sixth Circuit has "recognized the propriety of introducing 'background' evidence," which has been defined as evidence of "other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (internal quotations and citations omitted). Of course, "[p]roper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id*. (citation omitted).

(2) The Court will **RESERVE RULING** on Defendants' Motion in Limine at Docket Entry #305 until the Court and the Defendants have had the opportunity to review Government's Exhibit #467 in the enlarged form that the Government intends to introduce at trial.

(3) Defendants' oral motion to exclude the introduction of certain records recently

disclosed by the Government is **DENIED**. At the pretrial conference, the Defendants objected to the United States' notice of additional documents to be used at trial. Although the Defendants acknowledge that they have been in possession of the documents, they contend that they are prejudiced by the Government's late notice of its intent to use, as exhibits, what the Defendants have described as a burdensome number of newly identified documents. In fact, counsel for Defendant Bryan Coffman argued at the pretrial conference that "[t]he morning of trial, to introduce another 500 to a thousand pages" or more should not be permitted.

Today, the United States tendered to the Court reporter a packet of additional documents marked for purposes of identification. The packet contained only twenty documents consisting of approximately 140 pages. The documents are identified as Government's Exhibits 218, 203F through 203M, 395A through 395T, 450A, 451A, 452A, 453A, 454A, 455A, 456A, 457A, 458A.

Given that the above-described documents have been in the Defendants' possession and are in large part related to trial witnesses previously identified by the Government, the Court determines that the Defendants are not prejudiced by the nature of the documents or the timing of their identification as trial exhibits. To the extent that the above list does not encompass all the documents at issue, the Defendants are directed to identify for the Court any other Government exhibit that has not be previously identified on the Government's exhibit list.

The Defendants also assert that the documents at issue should be excluded because the Government failed to comply with the notice requirements of FRE

902(11), which requires a party to provide written notice of and an opportunity to inspect and challenge documents that are purportedly self-authenticating. Defendants' reliance on FRE 902(11) is misplaced. The Government stated that the additional documents will be authenticated under other provisions of the rules of evidence. Therefore, to the extent that the Defendants seek to exclude these documents for failure to conform with FRE 902(11), the Defendants' motion is **DENIED**.

Lastly, the Defendants also assert that bank records included among the Government's additional exhibits should be excluded because they cannot be authenticated by a case agent who received the documents pursuant to a Government subpoena. The Court will apply the standards set forth in FRE 901 regarding the authentication and identification of all documents. Therefore, the Defendants' argument on this point is **DENIED AS PREMATURE**. The Defendants may reassert this argument at the appropriate time.

Dated this 18th day of April, 2011.

Signed By:
*Karen K. Caldwell* KKC
**United States District Judge**