UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-181-KKC

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                                **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN, ET AL.                                                              DEFENDANTS

\* \* \*   \* \* \*   \* \* \*   \* \* \*

This matter is before the Court on the Motion for Partial Summary Judgment filed by Petitioners Megan Coffman and Dacorta, LLC. (DE 556). Dacorta is a limited liability company that was organized by Megan Coffman, its only member, in 2003. Petitioners seek partial summary judgment on their claims to interest in the Raymond James Financial Services Account 2262 (in the name of Megan Coffman), the American Founders Bank Account 9802 (in the name of Megan Coffman DBA DACORTA, LLC), the PNC Bank Account 6953 (in the name of DACORTA, LLC), the Traditional Bank Money Market Account 3555, and the Traditional Bank CDARS Accounts 7314, 7349, 7373, 7381, 7403, and 7438. For the reasons indicated herein, the Court DENIES Petitioners' Motion.

I.   BACKGROUND

A jury convicted Bryan Coffman of mail fraud, wire fraud, securities fraud, and money laundering. The indictment charged Coffman with running an investment scheme in which he defrauded investors by misrepresenting the value or existence of various oil and gas investments and transferred millions of dollars of investor funds into personal accounts. The indictment contained forfeiture allegations, and after the jury trial, Coffman waived his right to a jury trial

1

on the forfeiture issues. (DE 349). The Government then sought, and the Court granted, a preliminary order of forfeiture of investor funds in various financial accounts as well as funds purchased with investor funds. In the Preliminary Orders of Forfeiture, the Court determined these assets were subject to forfeiture because the contested funds in each financial account were involved in, or facilitated, money laundering. (DE 461, 469). In this ancillary proceeding, Petitioners now seek partial summary judgment that portions of certain accounts should not be forfeit.

## II. LEGAL STANDARD

Although Fed. R. Crim. P. 32.2(c) governs a criminal forfeiture proceeding, the summary judgment standard of the Federal Rules of Civil Procedure applies in this ancillary proceeding. *See* Fed. R. Crim. P. 32.2(c); *United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. *Pennington v. State Farm Mut. Automobile Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009). The central issue is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* The Court

must view all of the evidence in the light most favorable to the party opposing summary judgment.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. ANALYSIS

This ancillary proceeding has commenced pursuant to 21 U.S.C. § 853. A petitioner can demonstrate a valid interest in property subject to forfeiture only by showing that one of two conditions applies:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section

21 U.S.C. § 853(n).  Pursuant to 21 U.S.C. § 853(n)(6)(A), Petitioners argue that they are entitled to partial summary judgment as to certain amounts in the four accounts, which they deem "non-investor funds."  However, 21 U.S.C. § 853(c) contains a "relation back" provision under which "[a]ll right, title, and interest in [forfeited] property ... vests in the United States upon the commission of the act giving rise to forfeiture."

Petitioners argue that they "can recover non-investor funds because they possess an interest in them that predates the Government's."  (DE 556-1, Petitioners' Memorandum at 4.) In this case, Bryan Coffman's Indictment included Count 20, which alleged a money laundering conspiracy beginning in 2005.  (DE 44 at 17).  Bryan Coffman was convicted of this count.  (DE 354).  The accounts at issue here were opened after 2005: the Raymond James account 2262 was opened on or about February of 2008; the PNC Bank account 6953 was opened on or about May

3

of 2008; the American Founders Bank account 9802 was opened on or about September of 2006; and the Traditional Bank account 3555 was opened on or about July of 2007. The Government argues that the date of the conspiracy's start is when its interest vests, while Petitioners claim that the "relation back" doctrine pegs the vesting date to when the defendant's particular action renders particular property subject to forfeiture.

Petitioners also argue that, in light of the *in personam* nature of criminal forfeiture, the Government cannot forfeit non-investor funds belonging to the Petitioners because Bryan Coffman had no interest in them at the time they were used to facilitate his money laundering. The Petitioners note that in criminal forfeiture, because the Government proceeds only against the defendant, the Government "is entitled to the defendant's interest and nothing more." *United States v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001)(collecting cases); see also *United States v. Bajakajian*, 524 U.S. 321, 332 (1998) ("The forfeiture serves no remedial purpose, is designed to punish the offender, and cannot be imposed upon innocent owners."). "The Government simply steps into the defendant's shoes" and acquires no greater interest in forfeitable property "than the defendant held at the time the defendant committed the criminal acts." *O'Dell*, 247 F.3d at 680. (quoting *Kuhn v. Vista Disposal, Inc.*, 826 F. Supp.218, 224 (E.D. Mich. 1993)). In the Preliminary Order of Forfeiture, the Court concluded that the funds in these accounts were subject to forfeiture due to their role in the money laundering scheme. (DE 461 at ). Petitioners, now challenge that connection as it relates to their funds in these accounts. *See, e.g. United States v. Reckmeyer*, 836 F.2d 200, 206 (4th Cir. 1987)("Serious due process questions would be raised … if third parties asserting an interest in forfeited assets were barred from challenging the validity of forfeiture.").

4

At this stage, however, Petitioners have not satisfied their summary judgment burden. While Petitioners have evidence of their standing to challenge a forfeiture proceeding, there remain factual disputes about their claim to the accounts. *See United States v. Morgan*, 224 F.3d 339, 343 (4th Cir. 2000). The Government has noted the sources of these funds remain unclear, as does the amount of control over these funds possessed by Petitioners. For example, the Government notes the $600,000 check paid to James Morgan Milby, son of convicted defendant Gary Milby, in the days after the settlement of a lawsuit filed by James Morgan Milby (as trustee of ARIMOR Trust) against Bryan Coffman. (DE 563, Government's Response at 14). The check came from PNC Account 6953. At this time, Petitioners have not met their summary judgment burden; they have not established their claim to these funds, but they can reassert their claim as these proceedings continue.

## IV. CONCLUSION

Because there are key facts to be resolved, the Court will allow the ancillary proceeding to continue. Accordingly, IT IS HEREBY ORDERED that the Motion for Partial Summary Judgment is DENIED.

Dated this 15th day of November, 2012.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge

5