UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-181-KKC

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.                              **MEMORANDUM OPINION AND ORDER**

BRYAN COFFMAN, ET AL.                                                              DEFENDANTS

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the motions for summary judgment filed by the United States (DE 616) and Petitioners Megan Coffman, Dacorta, LLC, Baniel LLC, and Corrie Anderson (DE 617). Because genuine issues of fact remain, the motions will be DENIED, and the Court will conduct the requested and scheduled ancillary hearing where Petitioners may bring their claims.

## I. BACKGROUND

A jury convicted Bryan Coffman of mail fraud, wire fraud, securities fraud, and money laundering. The indictment charged Coffman with running an investment scheme in which he defrauded investors by misrepresenting the value or existence of various oil and gas investments and transferred millions of dollars of investor funds into personal accounts. The indictment contained forfeiture allegations, and after the jury trial, Coffman waived his right to a jury trial on the forfeiture issues. (DE 349). The Government then sought, and the Court granted, a preliminary order of forfeiture of investor funds in various financial accounts as well as funds purchased with investor funds. In the Preliminary Orders of Forfeiture, the Court determined these assets were subject to forfeiture because the contested funds in each financial account were

involved in, or facilitated, money laundering. (DE 461, 469, 571). In this ancillary proceeding, the Government and the Petitioners each seek summary judgment.

## II. LEGAL STANDARD

Although Fed. R. Crim. P. 32.2(c) governs a criminal forfeiture proceeding, the summary judgment standard of the Federal Rules of Civil Procedure applies in this ancillary proceeding. *See* Fed. R. Crim. P. 32.2(c); *United States v. Salti*, 579 F.3d 656, 662 (6th Cir. 2009). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. *Pennington v. State Farm Mut. Automobile Ins. Co.,* 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks,* 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id.* The Court must view all of the evidence in the light most favorable to the party opposing summary judgment. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## III. ANALYSIS

This ancillary proceeding has commenced pursuant to 21 U.S.C. § 853. A petitioner can demonstrate a valid interest in property subject to forfeiture only by showing that one of two conditions applies:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or

>   was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
>   (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section

21 U.S.C. § 853(n). The Court will consider each motion in turn, but as the Court has previously ruled, genuine issues of material fact preclude summary judgment.

### A. Government's Motion for Summary Judgment

Genuine issues of material fact exist as to the each asset claimed. That is not to say that Petitioners have clearly demonstrated a valid property interest as to each, but at this stage, in light of Megan Coffman's testimony, summary judgment is not appropriate. At this stage, "credibility judgments and weighing evidence are prohibited." *Bennett v. City of Eastpointe*, 410 F.3d 810, 817 (6th Cir. 2005). The Government repeatedly notes the lack of documentary evidence to support Megan Coffman's testimony and the gaps in her memory. However, at this stage, Petitioners can survive summary judgment, because they have come forward with at least some probative evidence as to each asset:

#### 1. Raymond James Financial Services Account 2262

In her deposition, Megan Coffman testified as to the creation and monitoring of this account, which was solely in her name. She stated that it was created from a joint account for estate planning purposes in November 2007. (DE 622-1 at 18). She also stated that she contributed money to this account. (*Id.* at 22). At this stage, the Court cannot make a judgment as to the credibility of this testimony.

3

### 2. PNC Bank Account 6953

Dacorta, through Megan Coffman, opened this account in May 2008. Megan Coffman testified that the account was opened after she read of issues at American Founders Bank. (DE 622-1 at 27). She further testified that Dacorta deposited proceeds from legitimate business ventures in the account. (*Id.* at 28-29, 115-116). These ventures were Aluminum Finishing, Travis Coomer Drilling, and Barrett Oil. Petitioners note that the Government has not explained how these may have been controlled by Bryan Coffman. In addition, Megan Coffman testified that she also deposited non-investor funds she received from Bryan Coffman into the account. (*Id.* at 49-54). Again, now is not the appropriate time for the Court to weigh this testimony or determine its credibility. Furthermore, Dacorta has come forward with some documentary evidence of its investment in Barrett Oil. (DE 622-2).

### 3. Traditional Bank Money Market Account 3555 and Six CDARs

Megan Coffman opened Traditional Bank account 3555 in July 2007. From this account, she created six certificates of deposit, the CDARs, each containing $100,000. Megan Coffman testified that she created the money market account, 3555, in response to a promotional campaign from the bank promising 5% interest on new checking accounts. (DE 622-1 at 96-97). The money, according to Megan Coffman, came from transfers of non-investor funds from Bryan Coffman. (*Id.* at 98-100). He simply "wanted me to have [the money]," she said. (*Id.* at 100). As discussed above, the Government is free to raise issues of credibility at the hearing, but the Court cannot make such determinations when ruling on summary judgment.

### 4. American Founders Bank Account 3826

Petitioners acknowledge that all that, at the time of seizure, the account only contained investor funds. They note only their desire to preserve any claim to these funds should Bryan Coffman's conviction be overturned on appeal.

### 5. American Founders Bank Account 9802

Megan Coffman, on behalf of Dacorta, opened account 9802 to "start building a banking relationship for my company." (DE 622-1 at 66-67). She testified that the account was opened using non-investor funds from a law firm in Valdosta, Georgia, and investment proceeds from Aluminum Finishing and Barrett Oil. (*Id.* at 28, 117-119). She also deposited loan repayments from Bryan Coffman into this account, but she stated that she had no knowledge the funds came from American Oil and Gas Resources. (*Id.* at 68-69). Here again, Megan Coffman's testimony creates a genuine issue of material fact.

### 6. Jointly Owned Real Property

There are three real properties owned jointly by Bryan and Megan Coffman: 2556 Ashbrooke Drive, 3200 Mammoth Drive, and 3152 High Ridge Drive. These were added to the Preliminary Order of Forfeiture as substitute assets. (DE 571). With regard to these properties held by Bryan and Megan Coffman in tenancy by the entirety, the Court previously held that the Government is entitled to forfeit Bryan's interest as a substitute asset. (*Id.*). Petitioners acknowledge the Government has an interest (Bryan Coffman's) in these properties. Petitioners, however, argue that Megan Coffman retains her interest and that this interest has not been forfeited. *See United States v. Real Property Located at 2525 Leroy Lane*, 910 F.2d 343, 350 (6th Cir. 1990).

### 7. Real Property Owned Solely by Megan Coffman

The Court also amended its preliminary order of forfeiture to forfeit as substitute assets six pieces of real property belonging solely to Megan Coffman: 4816 Chaffey Lane; 4752 Firebrook Blvd; 3085 Arrowhead Drive; 3873 Forest Green Drive; 4200 Steamboat Road; and 4249 Steamboat Road (which has been sold since this criminal matter began with $60,000 in equity retained by Megan Coffman). (DE 616 at 11). All these properties are in Lexington, Kentucky. In December 2007, Bryan Coffman transferred, by quit claim deed, these properties to Megan Coffman; she testified that this too was part of estate planning. (DE 622-1 at 130). The Government again questions the credibility of this explanation. At this stage, this testimony creates a genuine issue of material fact precluding summary judgment.

### 8. Yacht

As with the assets above, Megan Coffman testified about the purchase of the yacht. She testified that the purchase was her own, and that she used investor proceeds, which she received as a bona fide purchaser under 21 U.S.C. § 853(n)(6)(B). She testified that she created Baniel LLC specifically to hold title to the yacht. (*Id.* at 74-75). The Government contends that Bryan Coffman was the true owner, and cites deposition testimony about Bryan Coffman's involvement in the yacht purchase, but genuine factual issues remain as to this claim.

### B. Petitioners' Motion for Summary Judgment

Petitioners previously filed motions for summary judgment, and the Court denied these motions. (DE 601, 602). The Court adopts it prior reasoning from those opinions and orders; genuine issues of fact remain which preclude summary judgment. In addition, Petitioners argue that the Government's delay in adjudicating this action has violated their Due Process rights, and

so they are entitled to summary judgment. Petitioners have raised this argument in various forms over the course of the proceedings, and the Court will not address those arguments here.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion for Summary Judgment filed by the United States (DE 616) is DENIED.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Petitioners Megan Coffman, Dacorta, LLC, Baniel LLC, and Corrie Anderson (DE 617) is DENIED.

This the 4th day of March, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge