UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-181-KKC

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                        **OPINION AND ORDER**

BRYAN COFFMAN, ET AL.                                                                    DEFENDANTS

 

This matter is before the Court on the claimant Corrie Anderson's motion for attorneys' fees and costs (DE 699).

The Sixth Circuit Court of Appeals has recently ruled that Anderson "substantially prevail[ed]" in a "civil proceeding to forfeit property" under 28 U.S.C. § 2465(b)(1)(A) and, thus, she is entitled to the attorney's fees she incurred in that proceeding.

Anderson submits a summary indicating that she incurred $29,396.50 in fees prior to the appeal of this matter (DE 699-4, Ex. C) and another summary indicating that she has incurred $18,913.50 in fees for the appeal (DE 699-2, Ex. A.) for a total of $48,310.

The United States objects to only $2,939 of the fees requested. In her reply, Anderson agrees to reduce her fee request by $339.50 because that amount reflects fees incurred for legal work that did not apply to her claim. Anderson does not respond to the government's objection to an entry requesting $88.50 for conferring with Megan and Bryan Coffman – two defendants in this matter – regarding the motion for sale. The government argues that this entry does not apply to Anderson's claim. That appears to be accurate. Accordingly, the Court will reduce the requested fee award by an additional $88.50 for a total reduction of $428.

The government argues that the remaining $2,511 in disputed fees reflects fees for legal work that was not necessary for Anderson's claim. Anderson responds that she

included only time for reasonable work performed on her claim. The Court has reviewed the disputed entries and finds them to be reasonable.

The government also argues that, before paying Anderson's counsel the fees, it must first determine whether Anderson owes a debt to the United States by subjecting the award to a review through the Treasury Offset Program (TOP). It argues that the 20-day timeline for payment requested by Anderson is "impracticable" but does not explain how much time is needed for the review.

### III. Conclusion

Accordingly, the Court hereby ORDERS that Corrie Anderson's motion for attorney's fees (DE 699) is GRANTED in part and DENIED in part as follows:

1) within 30 days of the entry date of this order, the government SHALL PAY Anderson's counsel $ 47,882 representing the reasonable fees and costs she incurred in a "civil proceeding to forfeit property" under 28 U.S.C. § 2465(b)(1)(A); and

2) if the government is not able to complete the TOP review within that timeframe, it SHALL FILE a motion for extension of time explaining why the review could not be completed and specifically stating the number of days necessary to complete the review.

Dated November 30, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY