UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:09-CR-181-KKC

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                                **OPINION AND ORDER**

BRYAN COFFMAN                                                           DEFENDANT

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Defendant Bryan Coffman has filed a motion for compassionate release (DE 778) pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, the Court must deny the motion.

Coffman was found guilty of multiple counts of mail, wire, and securities fraud and money laundering in connection with a scheme to defraud investors in oil and gas wells. At trial and in the forfeiture proceedings, the government proved that the proceeds derived from the fraud were over $30,000,000.

By judgment dated May 2, 2012, this Court sentenced Coffman to 300 months (25 years) in prison. He is currently 57 years of age and is incarcerated at FCI Ashland. He moves the Court to modify that sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." Prior to the First Step Act of 2018, compassionate relief could only be requested by the Director of the Bureau of Prisons (BOP). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for such relief on his own, but only if he has first "fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or if 30 days have

lapsed since the warden of the defendant's facility received the defendant's request to file a motion on his behalf, whichever is earlier. 18 U.S.C.A. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018).

There is no dispute that, more than 30 days ago, Coffman served the warden at FCI Ashland a request to file a motion for compassionate release on Coffman's behalf. The warden has not responded to Coffman. Accordingly, the Court has jurisdiction over this motion.

Coffman asks that the Court order that he serve the remainder of his sentence on home confinement. He asserts that he has psoriatric arthritis, type 2 diabetes, and high blood pressure. The government does not dispute that Coffman has these medical conditions. Coffman further asserts that these medical conditions put him at a high risk of infection and death from the novel coronavirus disease COVID-19 while he is confined at FCI Ashland.

As to Coffman's request that the Court order that he serve the remainder of his sentence on home confinement, this Court has no authority to do so. The BOP is the entity that has the authority to designate the place of a prisoner's imprisonment, not the court. 18 U.S.C. § 3621(b); *United States v. Townsend*, 631 F. App'x 373, 378 (6th Cir. 2015). The Court would have no objection to any such relief the BOP may find appropriate.

The compassionate-release statute permits this Court to "reduce the term of imprisonment" and also to "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary

and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." Nevertheless, the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) sets forth the circumstances under which extraordinary and compelling reasons exist for modifying a sentence.

One of these is the medical condition of the defendant. However the defendant must be suffering from a "terminal illness" or he must be suffering from a serious physical or mental impairment "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1.

The statement defines terminal illness as a "serious and advanced illness with an end of life trajectory. . . Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1. Coffman does not assert that he has any such illness. Nor does he assert that he has any impairment that has diminished his ability to provide self-care within the prison environment.

The policy statement also has a catchall provision, which provides that undefined "other reasons" may exist that constitute extraordinary and compelling reason to modify a sentence. Such reasons, however, are to be "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13 n. 1(A)-(D). Thus, this Court has no authority to find "other

3

reasons" that may justify a warrant reduction beyond those delineated in the policy statement.

The Sentencing Guidelines have not been amended since the passage of the First Step Act. For this reason, some courts have determined that the policy statement is inapplicable, at least to the extent that it provides that only the BOP director can find "other reasons" justifying a sentence reduction. *See United States v. Maumau*, No. 2:08-CR-00758-TC-11, 2020 WL 806121, at *3 (D. Utah Feb. 18, 2020) (citing cases). These courts have concluded that finding the BOP still has sole authority to determine whether "other reasons" justify a reduction is inconsistent with the First Step Act, "which was enacted to further increase the use of compassionate release and which explicitly allows courts to grant such motions even when BOP finds they are not appropriate." *Id*, at *2 (D. Utah Feb. 18, 2020) (quoting *United States v. Beck*, 425 F. Supp. 3d 573, 579 (M.D.N.C. 2019)).

The Court finds more persuasive the analysis in *United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *2 (S.D. Ala. Aug. 13, 2019). There, the court noted that, by its plain language, section 3582(c)(1)(A), even after amendment by the First Step Act, requires that any sentence reduction by a court be "consistent with applicable policy statements issued by the Sentencing Commission."

Further, finding that the BOP still has sole authority to determine the "other reasons" that justify a sentence reduction is not inconsistent with the First Step Act's goal of increasing the use of compassionate release. The Act achieves this goal simply by granting defendants the ability to move for compassionate release on their own. This change alone "ensures that a greater volume of [compassionate release] motions (not just those BOP agrees are meritorious) will be presented to the courts." *Id*. Many defendants'

motions for compassionate release will invoke the specific provisions of the policy statement rather than the catchall provision. *Id* ."There is thus no tension between a legislative purpose to 'increase[e] the use' of compassionate release and a policy statement providing for BOP to make the determination as to one kind (out of five) of extraordinary and compelling reasons for such release." *Id*.

Congress has specifically directed that the Sentencing Commission, not the courts, promulgate "general policy statements regarding . . . the sentencing modification provisions" in section 3582(c). 28 U.S.C.A. § 994(a)(2)(C). Further, Congress has specifically directed that, in the policy statement for section 3582(c)(1)(A), the Commission that "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C.A. § 994(a)(2)(t). The Court agrees with the conclusion in *Lynn* that, "[i]f the policy statement needs tweaking in light of [the First Step Act], that tweaking must be accomplished by the Commission, not by the courts." *Id*. at 4. "The Commission may well decide that, since BOP is no longer the gatekeeper regarding the filing of motions for compassionate release, neither should it be the gatekeeper regarding the residual category of extraordinary and compelling reasons for compassionate release" *Id*. "Until that day, however, the Court must follow the policy statement as it stands." *Id*.

The Court commends Coffman for the acts he states he has taken to provide educational and spiritual assistance to his fellow inmates. The Court, however, has no authority at this point to grant him compassionate release.

5

For these reasons, the Court hereby ORDERS that Coffman's motion for compassionate release (DE 778) is DENIED without prejudice. If circumstances should change in a way that would permit the Court to find "extraordinary and compelling" reasons for reducing his sentence, he may reassert this motion.

Dated May 22, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY